TRAVELERS' INSURANCE COMPANY *v.* BROOKOVER.

Opinion delivered December 20, 1902.

ACCIDENT INSURANCE—LIABILITY.—A passenger injured while attempt-
ing to enter a moving coach cannot recover on an accident policy
which expressly excepted any injury sustained while such passen-
ger was trying to enter or leave a moving conveyance. .

Appeal from Washington Circuit Court.

JOHN N. TILLMAN, Judge.

Reversed and dismissed.

The complaint filed by appellee in the Washington circuit
court alleged that on the 25th of July, 1899, he purchased from an
agent of appellant at Springfield, Mo., an accident insurance policy,
insuring him against injury through external, violent and acci-
dental means for riding upon a passenger train, as a passenger, and
made a copy of the policy an exhibit to the complaint; alleged that,
after he had reached a point forty or fifty miles east of Springfield,
the train stopped at a watering station, and he went forward to
look after a car of stock; that when the bell rang the train started
with a sudden jerk, and threw him down, and that he was externally,
violently and accidentally injured upon his leg and thigh; that a
short distance from this place, while the train was standing, he
arose to get a drink of water, and, while drinking the water, the
train started with a sudden jerk, and injured him in his back; that,
as a result from said injuries, he was incapacitated from doing or
transacting any business for ten weeks; that said injuries occurred
on July 25, 1899, while said policy was in force; that, as a result of
said injuries plaintiff was entitled to recover $150.

Defendant denied any liability under the contract.

On the trial the plaintiff, R. C. Brookover, testified, in sub-
stance, as follows: "I bought the accident insurance policy from an
agent at Springfield, Mo. It was for three days. I paid eighty cents
for it. I showed the agent my pass at the time. The train I went
on had a caboose for passengers. While the train was stopped at a

water tank, some forty or fifty miles from Springfield, Mo., I went in company with two other men to our car of stock, which was quite a ways from the caboose. When the bell rang, we went back to the caboose as quick as we could get on the car, and as I got on to the steps, the car started, and jerked me and threw me down. I scrambled to get into the door to get out of the way of the other parties. It was done so quick I did not know I was hurt so bad. Two different times during the night I was weak, and could not sleep, and got up to get a drink, and was thrown against a seat, and my back was hurt." .

In connection with his claim the plaintiff made the following affidavit, which was read in evidence on the trial: "On the 25th of July, 1899, at forty minutes past six o'clock, p. m., I was at water station forty-five miles northeast of Springfield, when and where I received bodily injury caused by falling on steps of car in an effort to board the train in motion. I mean to state that, as I started to enter, the coach gave a lurch that threw me upon the steps."

The evidence tended to show that the injury received by the plaintiff was received while attempting to enter the car while it was in motion.

In the accident policy on which suit was brought the defendant insured the plaintiff "against bodily injuries effected during the term of this insurance, through external, .violent and accidental means while riding as a passenger and being actually within any railway passenger car using steam as a motive power, etc.," and expressly stipulated that "this insurance shall not cover injuries resulting, wholly or partly, directly or indirectly, from voluntary exposure to unnecessary danger, or entering or trying to enter or leave a moving conveyance, or while being in any part thereof not provided for occupation by passengers."

The court gave to the jury the following instructions, Nos. 1 and 2, over the objection of the defendant, to which he excepted:

"No. 1. I charge you, if such injuries, if any is shown, did immediately, continuously and wholly disable and prevent the insured from engaging in any work or remunerative occupation, said company would be responsible to plaintiff for the money value of his time for the time he was totally disabled, as shown from the evidence, not exceeding the sum of $15 per week, as many weeks as he was so disabled in such manner, not exceeding ten weeks; but, if not totally disabled, then the company would be responsible to plaintiff

for the money value of his time he was partially disabled, as shown by the proof, not exceeding $3 per week for such time as he was so disabled, not to exceed ten weeks.

"No. 2.    I charge you that while in this case the policy insures against injuries while riding as a passenger, and being actually within any railway car using steam; and, if you find, from a preponderance of evidence, that the train stopped at a station, and Brookover left the train, which started up, or was about to start up, while Brookover was off, and while attempting to get on again, without negligence on his part, he was injured, and was at the time in pursuit of his journey, and traveling beyond said station, you should find the issues for plaintiff, Brookover."

And refused to give the following, to which refusal the defendant excepted:

No. 7.    "I charge you that if the plaintiff was injured while attempting to board or enter a passenger car, while in motion, then the defendant would not be liable for damages for any such injuries so received."

The jury returned a verdict for plaintiff for $78, and judgment was rendered for that amount.    After motion for new trial was overruled, defendant excepted and appealed.

*L. W. Gregg,* for appellant.

Contracts of insurance will be enforced according to their terms.    123 N. Y. 12; 16 Wall. 336.    The appellant had a right to limit its liability.    149 N. Y. 51; 93 U. S. 284; 127 U. S. 661; 19 Wall. 331; 41 Minn. 231; 39 Minn. 548; 54 N. Y. S. 307.

*Gauter & Humphreys,* for appellee.

Provisions exempting liability are construed liberally as to assured.    58 Fed. 342; 43 N. Y., 516; 101 Ga. 64; 6 Lans. 71; 26 Eng. Law & Eq. 432; 3 Biss. 399; 2 May, Ins., §524; 61 Am. St. 75; 45 Mo. 221; 35 W. Va. 385.    Appellee is entitled to recover. 34 N. J. L. 371; 66 Ark. 588; 24 Wis. 28; 32 Md. 310; 102 Pa. St. 262; 58 Wis. 13; 11 Am. & Eng. R. Cas. 104; 58 Neb. 792; 171 Pa. St. 1; 161 Mass. 149; 13 N. Y. 620; 90 Ala. 201; 61 N. N. 485; 39 Fed. 321; 87 Ia. 505; 53 Minn. 47; 114 Ill. 533; 57 N. W. 184.

HUGHES, J.    The court's action in giving instructions Nos. 1 and 2 for the plaintiff, and refusing No. 7 for the defendant, was error, for which the judgment must be reversed.

There could be no liability of the defendant upon the evidence in this case and the law governing it. The injury to the plaintiff while attempting to enter a moving train, the policy of insurance expressly provided, was not an accident the insurance company was to be liable for. It was an excepted risk. Without substantial compliance with his material stipulations in the contract, the plaintiff could not hold the company liable. The contract must be construed as made by the parties, and their rights determined by it. We cannot alter their contract, nor create a liability not provided for or contemplated by them.

The judgment is reversed, and the cause is dismissed.