ÆTNA CASUALTY & SURETY COMPANY v. ETOCH.

Opinion delivered June 13, 1927.

1. INSURANCE—INDEMNITY CONTRACT.—Parties to a contract of automobile indemnity insurance can make any contract not prohibited by law.

2. INSURANCE—LIABILITY ON INDEMNITY CONTRACT.—An insurer on an indemnity insurance contract covering a truck, *held* liable, though the policy stipulated against liability if the truck was driven by a person under the age of 16, where the truck at the time of the accident was driven by an 11-year-old boy, left in charge but not authorized to drive the truck while the driver was in a building.

Appeal from Phillips Circuit Court; *E. D. Robertson*, Judge; affirmed.

*Bevens & Mundt*, for appellant.

*W. G. Dinning*, for appellee.

KIRBY, J. The only question presented by this appeal is whether or not the indemnity insurance company is liable on the policy for the payment of damages incurred by the insured in the operation of his automobile truck being driven, at the time of the injury, by a boy eleven years of age.

The material parts of the policy are:

"The Ætna Casualty & Surety Company does hereby insure the assured, subject to all special provisions contained herein and the general provisions indorsed herein, which are hereby referred to and made a part of this policy. General provisions: 9. Limitation of use: Unless otherwise provided by an agreement in writing contained herein, or added hereto, the company shall not be liable under this policy for any loss or damage: * * *

(c) while being operated in any race or speed contest, or while being operated by any person in violation of law as to age, or by any person under the age of sixteen years.''

It appears from the testimony that the truck was being operated on the day of the injury by Harry Smith, appellee's regular driver, who was an experienced driver of full age; that he had some duty to perform inside of the Cleburne Hotel, and left Zack Williams, an eleven-year-old boy, in charge of the truck, to guard the contents and keep any one from getting anything out of it. Some one came along and ordered the boy to move the truck, and he undertook to do it, and drove or backed it into a store and broke the plate glass front thereof. The boy had not been employeed by appellee and had no authority from him or the driver to move the truck.

In reporting the accident to the insurance company, appellee stated    *    *    *.    ''Person operating it, Zack Williams, age 11.    *    *    *    Describe fully place and cause of accident or loss: Truck had been parked on Porter Street next to postoffice, by Harry Smith, driver, and left boy in truck while he went in barbershop.    The boy was told by some one passing to move the truck, and when he started it he couldn't stop it, and ran into plate-glass window in building owned by B. L. Lyford, at No. 212 Porter Street.''    *    *    *

The owner of the building recovered judgment against appellee for the damage for breaking the glass, $119 and costs, and appellee in this suit recovered judgment against the insurance company for the amount of the said damages and costs, $131.20, from which this appeal is prosecuted.

It is earnestly urged by the insurance company that it is not liable in any event under its policy to indemnify appellee for damages caused by his truck while being operated by a person under 16 years of age. The policy does expressly provide that the company shall not be liable under it for any loss or damage while the automo-

bile truck described therein is operated by any person under the age of 16 years.

It will not be questioned that the parties can make any contract of insurance not prohibited by law, and there appears to be good reason why an indemnity company would not be willing to assume the risk for damages resulting from cars being driven or operated by persons under 16 years of age.

The testimony shows that, although the truck was being operated on the day of the injury by appellee's employee, an experienced driver of full age, it was left by him in charge of the boy, who attempted to move it, at the suggestion of some other person, and who did start the truck and drive or back it into the store, causing the damage thereto. Such action was necessarily operating the truck at the time of the injury, within the apparent and obvious meaning of the policy exempting or excusing the company from liability for damages caused while the truck was being operated by any person under 16 years of age, in the opinion of the writer, concurred in by Justices WOOD and SMITH. *Brock* v. *Travelers' Ins. Co.*, 91 Atl. 279, 35 A. & E. Ann. Cas. 635, 88 Conn. 308, and *Hoosley* v. *Union Indemnity Co.*, 102 So. 561, 137 Miss. 561. The majority of the court is of the opinion, however, that, since the insured had employed a skilled and experienced driver of full age to operate the truck, and had no information that he had left it in care of the eleven-year-old boy while in the discharge of his regular duties, he should not be held responsible for any damages resulting from the moving of the truck by the boy, who had no authority from him to either watch the truck or move it.

The purpose in taking out the insurance was to provide indemnity against damages caused by the operation of the truck, of course, and, since it was left standing temporarily by the regular driver, while he went into the hotel or barber shop to attend to some duties there, and since the boy who was requested to watch the truck had no authority whatever from him or his employer to

move it, the owner of the truck is no more liable to the payment of damages caused by its unauthorized movement, nor the insurance company any less liable to the payment of indemnity therefor, than if the truck had been accidentally started by some other car bumping against it and the damage thereby caused; in other words, that, within the meaning of the provisions of the policy, the truck, while standing at the curb until the driver could discharge the necessary duties inside the building, was being operated by him within the meaning of that clause in the policy. *Commonwealth* v. *Henry*, 118 N. E. 224, L. R. A. 1918B, 827, 229 Mass. 19.

The judgment is accordingly affirmed.