STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* BELSHE.

4-4914

Opinion delivered January 24, 1938.

*Buzbee, Harrison, Buzbee & Wright,* for appellant.
*Marvin B. Norfleet,* for appellee.

BAKER, J. The appellant hereinafter referred to as the insurance company issued its policy to the appellee, hereinafter referred to by name, or as the insured or appellee, whereby the insurance company agreed to indemnify the appellee against liability imposed by law on account of injuries or death accidentally suffered through operation of the truck. Thereafter on August 6, 1934, while the truck was being driven by an employee of the appellee, Thomas Gross, it collided with an automobile driven by D. F. Patton who was injured. Notice of the accident was duly given, but the insurance company declined to handle the claim for the reason, it alleged, that Gross, the driver, did not possess chauffeur's license, and had not made application for one as required by law, and, for that reason, it was contended the policy of insurance or indemnity did not cover or protect Belshe and there was no liability. Patton sued Belshe and notice of that fact was given to the insurance company, but it made no investigation or defense of the suit.

Belshe sued the insurance company for $1,151.50, which he had incurred as expenses, in the defense of the suit filed and prosecuted against him by Patton. The complaint alleged the foregoing facts and other material matters with a prayer to recover the amount of money incurred by the insured in defense of that suit filed by Patton.

The insurance company filed an answer to this suit by Belshe against it, and pleaded as a defense that, at the time of the collision of the truck with the automobile,

plaintiff's employee, said Thomas Gross, had no chauffeur's license, and had not made application for one, and was, therefore, operating the truck in violation of the motor vehicle statute. The said answer pleaded further, as a part of the insurance company's defense, that the policy specially provided that the defendant should not be liable for any losses or damages caused while the motor vehicle, insured thereunder, was being driven or operated by any person violating any law as to age and driver's license. The pertinent part of the insurance policy is as follows:

"Risks not assumed by this company. The company shall not be liable, and no liability or obligation of any kind shall attach to the company for losses . . . (E) caused while the said automobile is being driven or operated by any person whatsoever . . . violating any law or ordinance as to . . . driving license."

To this answer the insured filed a demurrer as follows:

"Comes E. B. Belshe, plaintiff, and demurs to the answer filed in this cause by the defendant, State Farm Mutual Automobile Insurance Company, a corporation, and for cause states:

"That the facts stated therein are not sufficient to constitute a defense to plaintiff's cause of action alleged in his complaint herein."

The demurrer was sustained and the insurance company refused to plead further. Judgment was accordingly rendered for the amount sued for except penalty and attorney's fee. Motion for new trial was duly filed and overruled and the cause was brought here on appeal.

The only question is one of law. Does the answer filed by the insurance company state a defense? It should be said in the beginning that the particular portion of the policy of insurance involved here is not one open to construction.

The language is clear and understandable and no contention is made by appellee that any issue arising by reason of or on account of the fact that that provision of the policy above copied is ambiguous in any respect. The appellee argues most vigorously and presents numerous

authorities to the effect that in the consideration of any exception to a policy of insurance that such exception in order to be available as a defense must have a causative effect or force bringing about or at least causing or aiding in the incident whereby the loss was suffered and that if it does not have this effect it does not and cannot constitute a defense to the main issue.

Appellee cites as illustrative of this principle many authorities, some of which are opinions by this court. Others cited are from other jurisdictions. There will be no effort upon our part to re-examine or analyze all of these authorities for the reason that we believe a few typical examples considered in their application to the matters in issue will be sufficient and a more extended review would be without profit.

One of the most typical cases is that of *Benham* v. *American Central Life Insurance Company,* 140 Ark. 612, 217 S. W. 462. In that case the life insurance company defended because of a clause in the policy which exempted it from liability for death while engaged in military or naval service in time of war or in consequence of such service. For death due to prohibited conditions, there was liability for the reserve only under this policy, unless the company's permission to engage in such service shall have been obtained and such extra premium or premiums as the company might require shall have been paid. The insured died from influenza during his enlistment period in the military service of the United States. The court held in that case that the company was attempting to exempt itself from the hazards of warfare and that at the time of the death of the insured he was not so engaged in such service as to place him in more or greater danger than was incident to his life or occupation prior to his entering the service.

A similar case was *Nutt* v. *Security Life Insurance Company,* 142 Ark. 29, 218 S. W. 675. This policy had a provision exempting it from liability in case of death while engaged in such service without a permit, except as to the reserve upon the policy at the time of death, and it was held in that case that the effect of the exemption was from death proximately caused by war activities. The in-

sured in that case died of influenza in a hospital at Camp Pike, Arkansas, and it was. held on account thereof that the extraordinary hazards of war did not prevail and that the exemption as written was not in force to prevent a recovery. Following the announcements made in these two cases and others of similar import, the insured reasons plausibly therefrom that for the exemption to be available as a defense the condition or exemption in the contract must operate as a proximate cause, otherwise it would be ineffectual to prevent a recovery.

However plausible the foregoing argument may appear, the same theory happens to have been heretofore considered upon the same or similar arguments and reviewed by this court and, we .think, distinguished and settled according to the great weight of authority, contrary to appellee's contention. Mr. Justice KIRBY, speaking for this court, said: ''It will not be questioned that the parties can make any contract of insurance not prohibited by law, and there appears to be good reason why an indemnity company would not be willing to assume the risk for damages resulting from cars being driven or operated by persons under sixteen years of age.'' Ætna Casualty & Surety Co. v. Etoch, 174 Ark. 409, 295 S. W. 376. See, also, Travelers' Ins. Co. v. Brookover, 71 Ark. 123, 126, 71 S. W. 246.

We think the foregoing quotation is a well-considered expression of opinion, sound from every viewpoint; that the insurance company may make use of such language as it may please to express the conditions upon which it is willing to issue its policy. The insured, by acceptance, approves such policy with all the conditions therein.contained, so long as they are reasonable and not contrary to public policy. Our attention has been called by appellant to an opinion in which we find well stated the same principle; but the rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary and popular sense.''

*Imperial Fire Insurance Co.* v. *Coos County,* 151 U. S. 452, 34 L. Ed. 231, 14 S. Ct. 379.

Questions similar to the one here presented arose in a certain line of cases decided about the time of, or shortly after, the World War. In addition to the cases of *Benham* v. *American Central Life Insurance Co., supra,* and *Nutt* v. *Security Life Insurance Co., supra,* there was also decided the case of *Miller* v. *Illinois Bankers' Life Ass'n,* 138 Ark. 442, 212 S. W. 310, 7 L. R. A. 378, and that case, when considered in the light of the opinions rendered in the other cases, we think makes clear the attitude of the courts in regard to propositions similar to the one under consideration. In the Miller case the exemption was that death, while in the service of the army or navy of the government, is not a risk covered at any time during the continuance or reinstatement of the policy greater than the amounts or sums actually paid to the association.

The distinction which we think these authorities make is one that is found in the construction or meaning of a policy as written. The courts have made no effort in any of the cases to fix or determine liability not contracted for; and only in those cases wherein there is ambiguity has the court found reason to resort to a construction most strongly against the insurance company.

In the case of *Miller* v. *Illinois Bankers' Life Association, supra,* the court held in accordance with the language of the policy that the insured was not covered while he was in the service of the United States Army or Navy, because the policy so provided. That was not the language in the policy involved in the Benham case or the Nutt case, cited above. Those cases had a provision exempting from liability which otherwise attached, but not while engaged in the military service, that is to say, during the period or time when the hazards of war were present. In the Miller case there was an exclusion of liability. In other words, there was no coverage, no insurance under the conditions stated.

None of these case authorities may be treated or considered as having been changed or modified in any particular. They were all cited with approval in a much

more recent case and there relied upon by the court to make a distinction similar to the one controlling in the instant case. *Benefit Association of Ry. Employees* v. *Hayden,* 175 Ark. 565, 299 S. W. 995.

The parties to this litigation contracted, as we have hereinbefore quoted, that the policy did not cover the risk when the truck was driven by an unlicensed chauffeur or one who had not made application for license. It is conceded, according to the record made, that the chauffeur had no license, had not applied for any. He was, therefore, driving in violation of the provisions of the motor vehicle statute then in force. During that interval or period there was no insurance under the policy.

It may be, as suggested, that this provision was written into the policy to save the company from an occasional loss. That may be true, but the parties had a right to contract in that respect and it becomes our duty to enforce contracts as written and not to make new contracts for the parties.

There is quite a difference in the principles involved wherein the contracting parties provide for exemption under certain conditions from liability and another provision wherein there is no insurance whatever under conditions stated. In a case where the insurance company seeks to establish the facts showing it is to be exempt from contractual liability the burden of proof is upon the insurance company. On the other hand, in a case similar to the case of *Miller* v. *Illinois Life Association, supra,* the burden is upon the plaintiff to show coverage or insurance under the conditions stated. We think it is clearly determined in this case there was no insurance or coverage under the conditions.

The judgment is, therefore, reversed with directions to the circuit court to overrule the demurrer and take such further steps thereafter as may be proper, not inconsistent with this opinion.