M.F.A. MUTUAL INSURANCE Co. v. F. M. McKINLEY ET UX

5-4686                                              432 S.W. 2d 484

Opinion Delivered October 14, 1968

*Wright, Lindsey & Jennings* for appellant.

*Hall & Tucker* for appellee.

GEORGE ROSE SMITH, Justice.    This is an action brought by the appellees, F. M. McKinley and his wife, to recover $10,000 under the uninsured-motorist section of a policy of automobile insurance issued to McKinley by the appellant.    In the trial court both parties moved for summary judgment, upon the pleadings and a stip-

ulation of fact. This appeal is from a $10,000 summary judgment for the plaintiffs.

The facts are undisputed. On February 13, 1965, McKinley, while traveling in the course of his employment, was seriously injured in a collision with a car being driven by Gerald Davis, an uninsured motorist. McKinley obtained a judgment against Davis in the amount of $21,833 for his personal injuries; Mrs. McKinley obtained a companion judgment for $4,750 for loss of consortium. The McKinleys then brought this action to recover the maximum coverage of $10,000 under the uninsured-motorist section of the policy issued by the appellant.

The insurance company pleaded as its defense to the suit a clause in the uninsured-motorist section by which it was provided that any amount payable under that section of the policy for bodily injury sustained by the insured "shall be reduced by . . . the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law." It is shown that McKinley has received workmen's compensation benefits of $18,720.22 for his injuries.

Even construing the policy strictly against the insurer, as we do, we can find no basis for holding that the quoted clause is not controlling. Needless to say, the parties are at liberty to agree upon any conditions that are reasonable and not contrary to public policy. *State Farm Mut. Automobile Ins. Co.* v. *Belshe,* 195 Ark. 460, 112 S.W. 2d 954 (1938). The appellees argue that the clause in question is against the state's public policy, because Act 464 of 1965 specified the minimum uninsured-motorist coverage to be included in all automobile liability policies. Ark. Stat. Ann. §§ 66-4003 to -4006 (Repl. 1966). That act, however, was not approved and did not become effective until after both the

issuance of the policy in question and the occurrence of the accident in which McKinley was hurt. Even if we assume, without so deciding, that the clause in question is contrary to the statute, we cannot give the statute a retroactive effect that would cut off a valid defense available to the insurer before the passage of the act.

Alternatively the appellees contend that the uninsured-motorist section of the policy is so ambiguous that it should not serve as a defense to this action. We have studied that section of the policy with care, but we do not find any ambiguity affecting the issue now presented. To the contrary, the contract unmistakably states that any amount payable under that section of the policy shall be reduced by the amount paid under any workmen's compensation law on account of the insured's bodily injury. The facts of this case bring it squarely within that provision of the contract. In fact, the appellees' brief does not point to any ambiguity in the contract; it is merely argued that the uninsured-motorist section of the policy is unnecessarily long. That may be, but excessive verbiage is not in itself a basis for refusing to give effect to contractual provisions that are so clearly stated as to be beyond any possibility of misunderstanding.

Reversed and dismissed.