Linda Kay Goodwin PINKUS, Shelia Jane Goodwin Young and V. V. Goodwin, Plaintiffs,

v.

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant.

No. PB 67 C–74.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Nov. 1, 1968.

W. H. Drew, Drew & Holloway, Lake Village, Ark., for plaintiffs.

William K. Ball, Williamson, Williamson & Ball, Monticello, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

The plaintiffs in this diversity case seek to recover from the defendant as the secondary insurer on three policies involving "Uninsured Motorist Coverage" issued on three separate motor vehicles owned by the plaintiff, V. V. Goodwin, which included members of his family. The plaintiffs, Linda Kay Goodwin Pinkus and Shelia Jane Goodwin Young, are the daughters of the plaintiff, V. V. Goodwin. At the time of the occurrence they were unmarried and resided in the home of their parents. The case is before the Court on a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The facts are not in dispute and are stipulated by the parties.

The questions at issue involve the construction and validity of certain clauses in the "Uninsured Motorist Endorsement" contained in each of the three policies of automobile insurance issued

by the defendant, Southern Farm Bureau Casualty Insurance Company (Southern Farm) to the plaintiff, V. V. Goodwin.

The policies in question providing for "Uninsured Motorist" protection to V. V. Goodwin and members of his family, including his daughters, contained limits of liability insurance of $10,000.00 for each person and $20,000.00 for each accident. Each of the policies also provided for medical payments coverage with a limit of $2,000.00 per person per accident. Each of the policies extended protection to the plaintiffs, Linda Kay Goodwin Pinkus and Shelia Jane Goodwin Young, not only while they were occupants of their father's motor vehicles (two automobiles and one pickup truck) described in Southern Farm's policies, but also while they were occupants of a vehicle owned by someone else.

The uninsured motorist endorsement provided in each of the policies include two provisions applicable to the issues involved in this case as follows:

PARAGRAPH 4. LIMITS OF LIABILITY. "By reason of this endorsement the maximum amount recoverable under the policy and this endorsement is limited to a total of $10,000.00 for each person and $20,000.00 for each accident."

PARAGRAPH 5. OTHER INSURANCE. "With respect to bodily injury to an Insured while occupying an automobile not owned by a Named Insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to each occupant, and this insurance shall apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance."

Each of the policies also provide for medical payments under certain "Conditions". Under Condition 2 entitled "Other Insurance" of the policy "CONDITIONS" there is a provision entitled "COVERAGE C" which provides in part as follows:

"Under Division 1(a), the insurance shall be excess over any other valid and collectible automobile medical payments insurance available under any other policy to the named insured, spouse or relative."

Each policy also contains subrogation rights in Condition 11 as part of the "CONDITIONS" as follows:

PARAGRAPH 11. SUBROGATION. "Upon payment of any loss covered under this policy, the Company shall succeed to all the rights of recovery of the insured, or any other person in whose behalf payment is made, and they shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights, and shall do nothing after loss to prejudice such rights."

The Travelers Insurance Company (Travelers) provided primary coverage with a policy which included an uninsured motorist endorsement on the automobile in which the plaintiffs, Linda Kay Goodwin Pinkus and Shelia Jane Goodwin Young, were riding at the time of the accident owned by L. D. Long and operated by his son, James "Buddy" Long. The Travelers' policy afforded medical payments coverage on each occupant of the automobile not to exceed $1,000.00. The uninsured motorist endorsement also provided the maximum sum recoverable under the policy of $10,000.00 for each person and $20,000.00 for each accident. Thus, the uninsured motorist endorsement contained in the Travelers' policy is identical to that contained in the endorsement of the three Southern Farm policies.

Although the facts are undisputed and stipulated by the parties, a brief statement is appropriate in order to obtain a better understanding of the issues involved in this litigation.

On January 3, 1964, the plaintiffs, Linda Kay Goodwin Pinkus and Shelia Jane Goodwin Young, daughters of V. V. Goodwin, were passengers in an automobile owned by L. D. Long and driven by his son, James "Buddy" Long, which was involved in an accident with an automo-

bile owned and operated by Floyd Weathers. As a result of the accident Linda and Shelia received severe bodily injuries.

At the time of the accident Floyd Weathers was uninsured, as the term has become established within the meaning of uninsured motorist coverages. Immediately after the collision between the Long and Weathers cars, the Long car was struck by an automobile owned by J. W. Davidson and being operated at the time by his son, Thomas Davidson. At the time of the accident there was in effect a bodily injury liability insurance policy which covered the Davidson car issued by Southern Farm Bureau Casualty Insurance Company. It likewise included an uninsured motorist endorsement with a limitation of a total sum of $10,000.00 for each person and $20,000.00 for each accident.

On August 4, 1964, Linda Kay Goodwin Pinkus and Shelia Jane Goodwin Young filed a suit with their father, V. V. Goodwin, against Thomas Davidson (a minor), J. W. Davidson and Floyd Weathers, jointly and severally for personal injuries sustained by Linda and Shelia as a result of the accident. Floyd Weathers defaulted and on December 7, 1965, the plaintiffs took a nonsuit against Thomas Davidson and J. W. Davidson and obtained a judgment against Floyd Weathers for permanent bodily injuries to Shelia in the sum of $15,000.00 and Linda for permanent bodily injuries in the sum of $40,000.00, a total of $55,000.-00 for bodily injuries. V. V. Goodwin was awarded judgment against Floyd Weathers for medical expenses in the sum of $3,173.00 for Linda and the sum of $681.00 for medical expenses for Shelia.

The Travelers Insurance Company paid V. V. Goodwin the sum of $1,000.00 for medical expenses of Linda and $482.-50 medical expenses of Shelia. After the judgment was obtained against Floyd Weathers the Travelers Insurance Company under the provision of uninsured motorist endorsement on the Long auto-

mobile paid Linda Kay Goodwin Pinkus $9,000.00 and Shelia Jane Goodwin Young $9,517.00, which when added to the medical expenses paid to V. V. Goodwin totalled $20,000.00, the limits of the uninsured motorist coverage under the Travelers Insurance Company policy.

The primary issue involved is what has been referred to as "stacking multiple policies" covering the same accident or injury, which has been the subject of recent court decisions. Southern Farm denies any coverage under its three policies issued to V. V. Goodwin, except it proposes to pay an additional $2,000.00 of the medical cost incurred in behalf of Linda Kay Goodwin Pinkus conditioned upon her paying Southern Farm the same amount under the subrogation provision provided in Condition 11 of its policies.

■ In view of recent decisions in both the federal and state courts on the issues involved, it is well to note that the two relevant Arkansas Statutes, Act 347 of 1953, Ark.Stats.Anno. § 75–1401 et seq., the Arkansas Motor Vehicle Safety Responsibility Act, and Act 464 of 1965, Ark.Stats.Anno. § 66–4003 et seq., requiring insurance companies writing automobile insurance policies to offer protection against damages resulting from the negligence of uninsured motorists are not involved. The Southern Farm policies were issued and the collision involved in this proceeding occurred prior to Act 464 of 1965. The statutes cannot be given retroactive effect. M.F.A. Mutual Ins. v. McKinley, 245 Ark. 321, 323, 432 S.W.2d 484. Neither is the decision in Robey v. Safeco Insurance Co., W.D.Ark., 270 F.Supp. 473, affirmed by the Eighth Circuit, 399 F.2d 330, on this issue of the "other insurance" clause appearing in Southern Farm's policies relevant to this litigation for the same reason. Childers v. Southern Farm, et al., E.D. Ark., LR 66 C–259, September 18, 1968, Memorandum Opinion by Chief Judge J. Smith Henley.[1]

1. By this opinion Chief Judge Henley vacated a prior decision in the Childers

case, E.D.Ark., 282 F.Supp. 866, based on a recent decision of the Arkansas Su-

There is no question of ambiguity as to the uninsured motorist endorsement of Southern Farm's three policies. Although it may so appear in the argument of the plaintiffs' brief the endorsement in each of the three insurance contracts issued by Southern Farm to V. V. Goodwin are so clearly stated as to be beyond any possibility of misunderstanding M. F.A. Mutual Ins. v. McKinley, supra.

 Insurance policies are to be liberally construed in favor of the insured. However, where the language of the policy is unambiguous, and but one reasonable construction of the contract is possible, it is the duty of the courts to interpret the policy according to the plain import of its language. Construing the policies strictly against the insurer there is no basis for holding that the uninsured motorist endorsement of Southern Farm's three policies is not controlling. Southern Surety Co. v. Penzel, 164 Ark. 365, 261 S.W. 920; State Farm Mut. Automobile Ins. Co. v. Belshe, 195 Ark. 460, 112 S.W.2d 954 (1938); M.F.A. Mutual Ins. v. McKinley, supra.

As pointed out in the excellent brief of the defendant, the Travelers Insurance Company paid its limit of liability in the amount of $10,000.00 for each person, a total of $20,000.00 for each accident, $10,000.00 to Linda and $10,000.00 to Shelia. Each of the payments being reduced by the amount of the medical payments made by Travelers on account of the injuries of the two plaintiffs respectively.

The "other insurance" clause provides that where an insured is injured while occupying a non-owned automobile the insurance offered by the endorsement shall apply only as excess insurance over and above any other similar insurance available. Further, that this insurance shall then apply only in the amount by which the applicable limits of liability of the endorsement exceeds the sum of the applicable limits or liability of all such other insurance. Travelers had "such other insurance" on which it paid its limits of liability. The uninsured motorist endorsement in each of the three policies issued by Southern Farm contained limits of liability which did not exceed the limits of liability in the uninsured motorist endorsement in the Travelers policy.

 The parties to an insurance contract are at liberty to agree on any conditions that are reasonable and not contrary to public policy. State Farm Mut. Automobile Ins. Co. v. Belshe, supra; M.F.A. Mutual Ins. v. McKinley, supra. There is no contention here that the "other insurance clause" in the endorsement is contrary to public policy. As already stated herein, the courts have construed the provision otherwise. Counsel for the plaintiffs fail to cite any decisions in support of his argument on the construction of these provisions of the policies. The emerging opinions on these issues as cited hereinabove have given substantive law in construing these provisions of uninsured motorist endorsement, which this Court adopts.

 The plaintiff, V. V. Goodwin, argues that he is entitled to an excess of $2,000.00 for medical expenses of Linda Kay Goodwin Pinkus as her total medical expenses were $3,173.00 and only $1,000.00 was paid by Travelers. Southern Farm admits that under the terms of the policies it is liable for the additional $2,000.00, but contends that under the total limits of liability of the "other insurance" clause and provision of the policies of subrogation it is entitled to a payment of $2,000.00 from Linda of the total sum she received from Travelers. Since the total limit of liability of the other insurance has been met this would be an exercise in futility, or applying the old adage of 'Robbing Peter to pay Paul'.

preme Court in M.F.A. Insurance Company v. Wallace, 245 Ark. 277, 431 S.W.2d 742, which upheld the validity of a policy provision against the "stacking" of uninsured motorist coverage by an insured covered by more than one policy. In so holding, the Arkansas Supreme Court reached a result directly opposite to that reached by Judge Miller in the Safeco case.

Parenthetically, the Supreme Court of Arkansas in the McKinley opinion, delivered October 14, 1968, supra, gave validity to a provision of the insurance contract which provided that any amount payable for bodily injuries sustained by an insured shall be reduced by the amount paid and payable under workmen's compensation law, disability benefit law, or any similar law. This rule is applicable to a similar provision in the insurance contract which is controlling in this case.

The motion of the defendant for summary judgment will be granted and an order will be entered accordingly.