MOLINE TIMBER COMPANY *v.* SCHAAD.

Opinion delivered May 19, 1930.

*Charles W. Mehaffy* and *Cockrill & Armistead,* for appellant.

*S. L. White,* for appellees.

SMITH, J. Appellees brought this suit to reform a fire insurance policy, and to collect the proceeds thereof after a loss had been sustained by fire, and in support of their cause of action offered testimony to the following effect: Appellees sold some sawmill machinery to J. L. Young. Part of the purchase price was paid in cash, and the balance was evidenced by what was termed "title retaining notes." The contract of sale provided that Young should carry fire insurance on the machinery until the indebtedness was fully paid, the loss, if any, being payable to appellees as their interest might appear. Young operated two sawmills before buying the machinery above referred to, which was installed in a third mill. Young operated all these mills in sawing lumber for the Moline Timber Company, and represented to appellees that he had taken out insurance as agreed, and after the fire attempted to collect the insurance for the benefit of appellees. The fire loss was adjusted on the basis of $2,140, which amount was collected and appropriated by appellant. This amount was in excess of the balance due appellees by Young, and judgment was rendered in favor of appellees for the amount of their debt on account of the conversion of this insurance money.

The appellant timber company is a corporation under the laws of the State of Maine, and was represented in all of the transactions out of which this litigation arose by F. M. Lay and L. L. Adair. These gentlemen testified that, representing the appellant timber company, they made advances to Young in his sawmill operations, and that the balance due on these advances at the time of the fire amounted to about ten thousand dollars. That, to secure this indebtedness, they had, with Young's knowledge and at his direction, caused policies of insurance to be issued on all three of the mills and the lumber thereat, and had paid the premiums thereon, which they charged

to Young, and all the policies were payable to the appellant timber company as its interest appeared, and that after the fire proof of loss was duly made and adjusted, and the amount thereof paid to appellant.

The court made no special finding of fact, but we assume the finding was made that Young represented to appellees that he had insured the property, as his contract of purchase required him to do. Young testified that Lay and Adair knew of his purchase of the machinery, and that the title had been reserved, but he did not testify that they had told him that the insurance had been made payable to appellees, and the testimony shows this was not done.

Lay, appellant's manager, testified that Young had never requested him to procure insurance for the benefit of appellees, and that he had never done so, but that he caused the insurance policies to be issued for the benefit of appellant, his employer, to secure the advances being made Young and for Young's benefit after the advances had been paid.

Adair testified that he was the cashier and office manager of appellant timber company, and that for its security against the advances being made Young he insisted that Young allow appellant to insure his mill properties, with loss payable to appellant; that Young agreed to this, and pursuant to this agreement the policy sued on was issued. That appellant company was not requested by any one to procure insurance for the benefit of appellees, and had not done so.

The appellant timber company was a subsidiary corporation of Deere & Company, which latter company maintained an insurance department to keep property insured in which it was interested, and the manager of this department of Deere & Company testified that he had never heard that appellees claimed any interest in the policy until after the fire, and that he procured the issuance of all the policies.

It is, no doubt, true that Young represented to appellees that he had insured the property for their benefit, as his contract of purchase required him to do, but that testimony is not sufficient to support a recovery by appellees.

The suit is in the nature of one to reform an insurance policy; in fact, that relief was prayed, and upon this allegation suit was brought in the chancery court. Such relief is only granted upon testimony that is clear and convincing, and the testimony does not measure up to that standard; in fact, we think the preponderance of the testimony is to the effect that there was neither fraud nor mistake in procuring the issuance of the policy and that it was issued as applied for.

The machinery, to which appellees had reserved the title, was not the only property covered by the policy sued on; but, even as to this property, Young had an insurable interest, which he might have insured for his own benefit or for that of a creditor. *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475, 96 S. W. 393; *Ponder* v. *Gibson-Homans Co.,* 166 Ark. 591, 266 S. W. 682; *Crouthers* v. *State,* 154 Ark. 375, 242 S. W. 815.

For the reasons stated, the decree appealed from must be reversed, and as the cause appears to be without equity it is dismissed.