CALVERT FIRE INSURANCE CO. *v.* HARDWICKE.

5-2136                                           338 S. W. 2d 329

Opinion delivered September 26, 1960.

*Cockrill, Laser & McGehee,* by *Jacob Sharp, Jr.,* for appellant.

No brief filed for appellee.

ED. F. McFADDIN, Associate Justice. From a decree reforming an insurance policy and rendering judgment for loss claimed, the appellant prosecutes this appeal.

On July 27, 1953 appellee Hardwicke purchased a truck from King Motor Company in Clarksville. For the unpaid portion of the purchase money Hardwicke executed a title retaining note, payable monthly over a period of twenty-four months. The note, dated July 27, 1953 and providing for twenty-four monthly payments, was forthwith assigned by King Motor Company to Commercial Credit Corporation. Included in the note was $143.40 as the amount of the insurance premium which was paid by the holder of the note to the appellant, Calvert Fire Insurance Company. The insurance policy (covering collision damage) issued by appellant Calvert Fire Insurance Company, was dated July 27, 1953, and clearly stated that it expired on July 27, 1955. The policy was delivered to Hardwicke and was at all times in his possession.

On August 4, 1955, after the expiration date stated on the policy, Hardwicke's truck was damaged beyond repair and he filed this suit in equity to reform the insurance policy so as to extend its expiration date beyond August 4, 1955, and to recover on the reformed policy for the loss he had sustained on August 4, 1955. Trial in the Chancery Court resulted in a decree granting Hardwicke the prayed relief; and this appeal challenges the correctness of such decree.

The appellant claims that the evidence is insufficient to support a reformation of the policy; and such claim requires a statement of the applicable law, and a determination whether the evidence was sufficient to justify reformation. Our cases recognize that an insurance policy, like any other contract, which by reason of mistake in its execution does not conform to the real agreement of the parties, may be reformed in a court of equity. See *Phoenix Insurance Co.* v. *State,* 76 Ark. 180, 88 S. W. 917, and cases there cited. But the party seeking to reform the insurance policy must offer testimony that is clear and convincing. See *Moline Timber Co.* v. *Schaad,* 181 Ark. 854, 28 S. W. 2d 336.

Under the rules thus stated, we examine the evidence to see if it is sufficient to support the decree rendered. Hardwicke did not establish that there was, in 1953, any mistake as to the date of the beginning and the date of the end of the insurance coverage, *i.e.,* from July 27, 1953 to July 27, 1955. Rather, he claimed that he was subsequently led to believe that the insurance coverage would be extended beyond July 27, 1955 because the Commercial Credit Corporation had agreed to extend the final payment on the title retaining note. If there had been such subsequent agreement it would not have reformed the original policy, but it would be in the nature of an oral agreement to extend the period of the insurance coverage. Even the preponderance of the evidence is against Mr. Hardwicke on this extension theory:

1. The only persons with whom Mr. Hardwicke had any conversations were representatives of the Commercial Credit Corporation, and they were not representatives of the Calvert Fire Insurance Company. Both of these representatives testified unequivocally that they did not make, and could not have made, any agreement with Mr. Hardwicke about extension of the insurance coverage.

2. Mr. Hardwicke offered evidence that the Calvert Fire Insurance Company was owned by the Commercial Credit *Company* which also owned Commercial Credit *Corporation,* the holder of the title retaining note; but such evidence, standing alone as it did, was not sufficient to support a decree to pierce the fiction of the corporate entity and make the agents of the Commercial Credit *Corporation, ipso facto,* the agents of the Calvert Fire Insurance Company. It was definitely established that there was only one person in this State recognized by the Insurance Department of Arkansas as legally qualified to countersign insurance policies for the Calvert Fire Insurance Company; and Mr. Hardwicke did not claim to have even seen or heard of that person.

3. Mr. Hardwicke claimed that after July 27, 1953 the Insurance Department of Arkansas reduced the premiums to be paid on insurance policies like the kind Calvert Fire Insurance Company had issued to Hardwicke, and that, therefore, the reduced rate should apply here so as to extend the period of the Hardwicke policy. But the fallacy of this contention is found in the testimony of a deputy of the State Insurance Commissioner of Arkansas who stated, without contradiction, that the reduced premium applied only to policies issued after September 4, 1953, unless the old policies previously written were surrendered and new policies issued in lieu thereof. Mr. Hardwicke did not claim to have complied with such rule of the State Insurance Department.

After a careful study of all the evidence we are forced to the conclusion that Mr. Hardwicke made no case against appellant Calvert Fire Insurance Company. The Chancery decree is reversed and the cause remanded, with directions to set aside the decree and dismiss the complaint.