AMERICAN CASUALTY CO. *v.* HAMBLETON.

5-2463                                          349 S. W. 2d 664

Opinion delivered October 2, 1961.

*Harold Sharpe,* for appellant.

*Gannaway & Gannaway* and *Fletcher Long,* for appellee.

NEILL BOHLINGER, Associate Justice. J. R. Chappell, Jr. and G. W. Moore were partners in the operation of a farm and cotton business in St. Francis County, Arkansas.

In 1953 the partnership procured through George P. Walker, Jr., an insurance agent at Forrest City, a policy of Workmen's Compensation Insurance covering all farm employees other than in-servants, including drivers, chauffeurs and their helpers. The partners, J. R. Chappell, Jr. and G. W. Moore, were not employees within the coverage of the policy but by a special endorsement on the policy they were included in the coverage and paid an additional premium for that coverage.

In June 1954 the partnership renewed this policy with the same coverage of the partners and the additional premium was paid.

In 1955 the partnership ordered the policy renewed and the Walker Agency ordered a renewal contract from appellant. A policy was forwarded to Walker and by him delivered to Chappell and Moore. This policy did not include the two partners as covered and the record reflects that at the time of delivery, the agent, Walker, did not know the contents of the policy and did not undertake to explain the change to the partners.

It is further shown that from the time of the inception of the insurance coverage the appellant audited the books of the partnership and adjusted the premium in accordance with the partnership's books. For the 1953 policy, a premium deposit was required in the sum of $400.00; for the 1954 policy a deposit of $334.00; and for the 1955 policy a deposit of $217.00 was required. In 1956, while the 1955 policy issued by appellant was in full force and effect, G. W. Moore was fatally injured

while operating a tractor for the partnership on their farm near Forrest City. Mrs. Norma Moore Hambleton, who was the widow of G. W. Moore, deceased, and has since remarried, brought an action in the St. Francis Chancery Court as administratrix of the estate praying that the policy issued by the appellant be reformed to include the members of the partnership in accordance with the appellant's policies covering the partnership operation in the prior years.

While it is true that this is an action under the Workmen's Compensation Law of the State of Arkansas, and that the Workmen's Compensation Commission is the proper forum for the adjudication of Workmen's Compensation, this action is primarily an action for the reformation of a policy of insurance and no action before the Workmen's Compensation Commission could be maintained until that object has been attained. We hold that the administratrix is the proper party to bring this action and the chancery court is the proper forum.

"An insurance policy, like any other contract, which by reason of mistake in its execution does not conform to the real agreement of the parties, may be reformed in a court of equity," *Phoenix Insurance Company* v. *State,* 76 Ark. 180, 88 S. W. 917 [Citing *Thompson* v. *Insurance Co.,* 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408; *Snell* v. *Insurance Co.,* 98 U. S. 85, 25 L. Ed. 52; *Jamison* v. *State Insurance Co.,* 85 Iowa 229, 52 N. W. 185.]

The case, therefore, narrows down to the question as to whether or not the appellee was entitled to have the policy reformed to include the deceased member of the partnership. We think that she was. It is clear that the intention of the parties in the coverage prior to 1955, in consideration of an additional premium, was to cover the partners in their farm activities. We know of nothing that could have prevented appellant from so contracting if it was the desire of both parties. The appellant was cognizant of this coverage for the record reflects the results of the audits of the books of the partnership and in 1955 appellant paid to G. W. Moore a small claim for

an injury he received while in the course of business for the partnership. Being thus covered, the partnership, in 1955, instructed Agent Walker to renew its policy. Walker transmitted that request to appellant's office in Little Rock but the request was not complied with. Instead, a policy was issued which did not include the members of the partnership, which fact was in no way communicated to the partnership. It does not appear that the partners read the policy delivered by the agent, Walker, but as said in *Appleman, Insurance Law and Practice*, Vol. 4, § 2913, Right of Reformation—Generally:

"The doctrine of caveat emptor does not apply to insurance contracts. A court of equity may, therefore, grant relief where mutual mistake in the writing of an insurance contract results in the written terms not expressing the clear intent and understanding of the parties, and equity will retain jurisdiction, after granting reformation to enforce such contract as between the parties thereto and their privies. This is particularly true where the insured was induced to act upon the superior judgment of an insurance agent, or where the error resulted from the fraud, mistake, or negligence of the agent. . . . It has been held further that the insured's failure to read the policy and to discover the errors therein will not prevent him suing for reformation."

In *Moline Timber Company* v. *Schaad,* 181 Ark. 854, 28 S. W. 2d 336, we held that the reformation of an insurance contract would be granted only on testimony that was clear and convincing. We think the testimony in this case falls within that category.

Appellant's only witness, Thomas V. O'Mally, testified that at the time of the issuance of the policy involved he was supervising the underwriting in the Little Rock Branch Office of appellant and at the time the policy here involved was issued, no notice was given to Chappell and Moore, partners, by him that there had been any deviation in the writing of the 1955 policy from the form and coverage in the previous policies, and that Mr. Walker, the agent in Forrest City, had not instructed the

Little Rock Office to change the policy but had merely ordered a renewal.

Mr. George P. Walker, the agent at Forrest City, testified that he had furnished appellant's Little Rock Office with no request for a change in the policy, that he had not been notified that any change had been made therein and he had not advised the insured partners that any change had been made in the renewal policy.

We think the principles of law here involved have been clearly announced in a number of decisions. First, we think the appellant is estopped in denying that G. W. Moore, the deceased partner, was not covered by the 1955 renewal.

Elements of 'estoppel' arising from nondisclosure are ignorance of party claiming estoppel, silence of other party where there is duty to speak amounting to misrepresentation or concealment of material fact, action by party relying on the misrepresentation or concealment, and damages resulting if estoppel be denied. *Nelson* v. *Chicago Mill & Lumber Corporation*, 76 F. 2d 17 (C. C. A., Ark. 1935.)

. Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights of property, contract or remedy, which might otherwise have existed, as against another person who has in good faith relied thereon and been led to change his position for the worse. *Geren* v. *Caldarera*, 99 Ark. 260, 138 S. W. 335 (1911).

A party who, by his acts, declarations or admissions, or by failure to act or speak under circumstances where he should do so, either designed or with willful disregard of interest of others, induces or misleads another to conduct or dealings which he would not have entered upon but for such misleading influence, will not be allowed, because of estoppel, afterwards to assert his right to the detriment of person so misled. *Dobbins* v. *Martin Buick Co.*, 216 Ark. 861, 227 S. W. 2d 620; *Williams* v. *Davis*, 211 Ark. 725, 202 S. W. 2d 205; *Rogers* v. *Hill*, 217 Ark. 619, 232 S. W. 2d 443.

The renewal of an insurance policy is basically nothing more than the moving of the terminal date to a later time and if the appellant saw fit for any reason to vary the terms of the policy it had been requested to renew, the duty was clearly upon it to advise the insured of the changes which had been made. *Austin Fire Insurance Co. v. Adams-Childers Company,* Tex. Comm. App. 1923, 246 S. W. 365, affirming Tex. Civ. App., 232 S. W. 339.

In *Appleman, Insurance Law and Practice,* Vol. 13, § 7648, pp. 423 and 430 of the same work, we have a concise statement of the duty that devolves upon the insurer in a case of this kind.

"Where a policy cannot be renewed in its identical form because of a change by the State Insurance Commission, the insurer would not be relieved from its obligation under a contract to either renew the insured's policy or advise the insured of its inability to do so, since even if the change rendered it impossible to renew the policy in the same form, it still must advise the insured of its inability." *Appleman, supra,* p. 423.

"An insurance policy may be reformed even after the loss insured against, so as to express the parties' real intent. Since it is the duty of an insurer to issue a renewal policy on the same terms and conditions as the original contract, if it fails to do so, the renewal policy may be reformed to give effect to this result. This is true though the insured did not read the policy and discover a material change until after occurrence of the loss. It may, however, be discretionary with the court as to whether to grant or deny relief on the ground of the plaintiff's neglect to discover the change sooner." *Appleman, supra,* p. 430.

We think it has been established by clear and convincing testimony that no notice of change was given and that such failure is an inequity that justifies the reformation. We think in the case at bar that the appellant is estopped by reason of its nondisclosure.

"Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract,

and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract." *Appleman, Insurance Law and Practice,* Vol. 13, § 7648, pp. 419-20, and cases cited.

The appellee is the personal representative of the deceased and may properly assert these defenses. We know of no inhibition against the insurance coverage which the appellant gave to G. W. Moore and for which it received a premium. We think the case was properly before the St. Francis Chancery Court and that the court, having taken jurisdiction to reform the instrument, had the power to grant the relief which it did. That relief, we think, was proper and the cause is therefore affirmed.