CONTINENTAL CASUALTY CO. *v.* HAWKINS.

5-2941                                      365 S. W. 2d 722

Opinion delivered March 18, 1963.

*John H. Joyce* and *Glen Wing*, for appellant.

*E. J. Ball*, for appellee.

JIM JOHNSON, Associate Justice. This is a suit to collect the proceeds of an accident insurance policy brought by the estate of the insured who drowned in a swollen river some distance from her stalled car.

On Saturday night, May 8, 1961, shortly before 11:00 p.m., the insured, Miss Carmelia Irene Hilliard, left the residence of Dr. Howell E. Leming to go to her home which was about five miles from Fayetteville. During that day there had been heavy storms and rainfall, and when the insured left the residence of Dr. Leming, it was very stormy with heavy rain. Earlier in the evening the insured's automobile had stalled in water near her residence, which caused her to have the automobile removed by a wrecker. On Sunday morning, the automobile was found with the right rear wheel off the side of the road on the western approach to the White River bridge. The sheriff, upon notification, had the automobile removed to Fayetteville. The insured was missing. A search ensued, and the next day her body was found about one-eighth of a mile downstream on White River from where the automobile was found.

It is undisputed that the White River was out of its banks and that there was considerable high water across the road on the eastern approach to the bridge. Some water had crossed the road on the western approach behind the deceased's automobile, however there was no showing that there had been any accumulated or overflow water in, under or around the parked automobile, nor was there a showing that the automobile was found to be parked or located in a position of peril.

Suit was brought by Catherine Hilliard Hawkins and Helen Hilliard Bestle, co-executrixes of the insured's estate, appellees, against appellant, Continental Casualty Company, on its accident insurance policy issued to the

decedent February 6, 1961, which was admittedly in force at the time of her death. Appellant denied liability, contending that the death was not caused in a manner described in the schedule of accidents contained in the insurance policy. The policy provision sued on reads, "Section C. Injury sustained in consequence of (a) and while riding as a passenger or a driver in a private pleasure type (1) automobile . . . "

The trial court sitting as a jury heard the evidence and personally inspected the scene where the automobile and insured's body were found. The court concluded that the policy was in force, that decedent died of accidental drowning, that the accidental death was in consequence of and while driving a private pleasure type automobile and that the stalling of the automobile on the bridge abutment in the proximity of high flood waters of the river was the proximate cause of her drowning, and granted judgment for the amount sued for, statutory penalty and attorneys fee.

The principal question presented for our consideration is whether the accident occurred within the rule laid down in *Walden* v. *Automobile Owners Safety Insurance Co.*, 228 Ark. 983, 311 S. W. 2d 780.

In the Walden case the insured, between one and four o'clock a.m., drove his automobile into a bauxite mining pit filled with water. There were no witnesses to the accident, but the next morning the insured's automobile was found partly submerged in the water, and the insured's body was found in 12 or 15 feet of water about 75 to 100 feet away from the automobile. The autopsy showed that the insured came to his death by drowning. The beneficiary of the insurance policy sought to recover under a clause which provided:

"Insurance Company . . . does hereby insure Dan E. Walden . . . against loss from accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure during the term of this policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident."

In commenting on the facts in that case, this court said, "[T]he insured accidentally drove his car into the water; that it was dark, and the insured suddenly found himself in water that came up into the seat of the car; that in an attempt to escape from his very hazardous predicament he went out the window of the car and was drowned . . . " and concluded with approval of the case of *Wright* v. *Aetna Life Ins. Co.*, 10 F. 2d 281, saying, " 'In the present case [Wright] the real accident was not when Wright's head struck the road, but when car control was lost. Such lost car control was the critical accident time, and the dominating factor which subjected the riding passenger to present peril and later death.' The same is true in the case at bar [Walden]. The real accident was when Walden drove into the water in the mining pit, and that was the thing that subjected him to danger and brought about his death."

In the case at bar the physical facts can lead only to the conclusion that deceased approached the bridge, and if any water over the road was evident at the time, it was a small flow which she crossed at the low end of the bridge approach; that she drove onto the bridge approach which raised her safely above the water level; that she saw deeper water on the other side at the low end of the approach across the bridge; that she backed her car and the right rear wheel became stuck off the shoulder of the road, in a perfectly unimperiled location; that instead of remaining in the car safe and dry, she opened the door, removed herself from the car and closed the door.

Notwithstanding the trial court's personal inspection of the scene of the tragedy, under the virtually undisputed facts here presented we have no choice but to conclude that the insured was not impelled to escape from her predicament by thoughts of peril or emergency induced by accidental loss of control of her car in water, which is the rule laid down by the Walden case.

We consider the liberal rule in the Walden case to be sound, 6 Blash. Auto. Pt. 2, § 4125, however to broaden the rule to the extent here urged would be to in-

terpret the policy beyond its clear terms and would effectively result in a rewriting of the policy between the parties, a province which is not ours. *State Farm Mutual Automobile Ins. Co.* v. *Belshe,* 195 Ark. 460, 112 S. W. 2d 954; *St. Paul Fire & Marine Ins. Co.* v. *Kell,* 231 Ark. 193, 328 S. W. 2d 510.

Reversed and dismissed.