**Rube ROBINSON**

v.

**The HOME INDEMNITY COMPANY.**

**No. H 69 C–6.**

United States District Court,
E. D. Arkansas, E. D.

July 30, 1970.

John D. Eldridge, Augusta, Ark., for plaintiff.

Griffin Smith, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

### Statement of Facts

This is a proceeding for the reformation of a "Combination Automobile Policy" issued by the defendant to the plaintiff to require the defendant company to defend an action brought against the plaintiff and to pay the policy limits in the event judgment is obtained in connection with a proceeding for personal injury and property damages brought by John Boyd and Azalee Boyd against the plaintiff in the Arkansas County, Arkansas, Circuit Court, Southern District. This proceeding arose as a result of a collision involving a tractor owned by the plaintiff and being operated by his employee on the public highway, which collided with an automobile driven by John A. Boyd in which his wife, Azalee Boyd, was a passenger. This case is now awaiting trial in the Arkansas County Circuit Court.

Demand was made by the plaintiff upon the defendant to extend coverage under the terms of the policy which was in force at the time of the accident on July 27, 1967, so as to cover plaintiff's tractor involved in the accident. Upon denial of coverage this proceeding was instituted in the Circuit Court of Woodruff County, Arkansas, to have the policy construed as covering and applying to the accident in question, or, in the alternative, that the policy be reformed to include under the coverage the tractor driven by the employee of the plaintiff at the time of the accident.

The policy contains a schedule listing the cars and trucks of the plaintiff insured by weight, purpose and identification numbers. It insures against bodily injury liability, property damage liability, and automobile medical payments. Item Five of the policy provides that the purposes for which the "Automobile" is to be used are farming, business and pleasure. The policy issued to the plaintiff also contained an endorsement headed: "FARM TRUCKS AND FARM TRACTORS" on company form AL6737f. It provides as follows:

"It is agreed that such insurance as is afforded by the policy for Bodily Insury Liability, for Property Damage Liability and for Automobile Medical Payments with respect to the automobile described above or designated in the policy as subject to this endorsement applies to any trailer, semitrailer, farm wagon, agricultural or other farm implement owned or maintained for use with such automobile, subject to following provisions:

1. The automobile and such trailer, semitrailer or implement attached thereto shall be held to be one automobile as respects limits of lia-

bility for Bodily Injury Liability and for Property Damage Liability.

2. The insurance does not apply:

(a) to a unit consisting of a tractor, other than a farm or crawler type tractor, and a commercial trailer or semitrailer;

(b) to the operation of farm machinery;

(c) to a home, office, store, display or passenger trailer, except while used with an automobile with a load capacity of fifteen hundred pounds or less.

This same coverage had been in force with respect to the plaintiff for several years prior to the accident. The policy was originally issued by Peoples Insurance Agency of Cotton Plant, Arkansas, acting as duly authorized agent of Home Indemnity Company. After the initial policy was issued by Peoples Insurance Agency to the plaintiff, thereafter at each anniversary the agency would bill the plaintiff and send him a new identical policy for a one year period with a statement which would be paid by the plaintiff.

### Jurisdiction of the Court

This proceeding for reformation of the insurance policy was brought by the plaintiff in the Chancery Court of Woodruff County, Arkansas. Inasmuch as the action against the plaintiff by the Boyds in the Arkansas County Circuit Court was for an amount in excess of $10,000.-00, and if the policy were reformed to require coverage by the defendant under the policy, its exposure would exceed $10,000.00. The defendant, by appropriate removal procedure, removed the proceedings from the Woodruff Chancery Court to the Helena Division of the Eastern District of Arkansas, which has jurisdiction of this cause.

### Contention of the Parties

*Contention of Plaintiff.* Plaintiff contends that when the policy in question was originally issued he went to his insurance agent, one J. T. James, who owned and operated Peoples Insurance Agency in Cotton Plant, Arkansas, and told the agent that he was operating two farms, separated by a distance of about six miles, and that it would be necessary for his self-propelled farming equipment, such as tractors, combines, and cotton pickers, to travel the public highway from one farm to the other and that he wanted to obtain a liability policy which would, in particular, cover his farming equipment while on the public highway; that the agent assured him such coverage was available and mailed him the policy in question; that plaintiff read the endorsement headed "Farm Trucks and Farm Tractors" (quoted above), mailed his check to the agent for the premium and thereafter received the identical policy each year and paid the premium therefor.

Plaintiff contends that it was the intention of both parties that the policy cover accidents in which his farm equipment was involved on the public highway, that he had been mislead by the language of the policy into believing that his farm tractors were covered and that he relied thereon, that this was the first accident involving one of his implements since the inception of the policy, and that the policy should be reformed to include the tractor in question and to require the defendant to assume coverage and carry out its obligations under the terms of the policy.

In the alternative, plaintiff contends that the actual terms of the policy do, in fact, extend coverage with respect to the accident in question.

*Contentions of Defendant.* Defendant contends that the terms of the policy do not cover the loss and that it is immaterial whether this is developed by a cursory or a careful examination of the policy that the liability of the company is limited to the schedule of vehicles which are set forth under "Description of Automobile" and that the language of the endorsement in question was limited to extending coverage only when an item of farm equipment was attached to one

of the scheduled vehicles under the "Description of Automobiles".

It was the further contention of the defendant that the plaintiff had not paid for coverage which he seeks to obtain by this reformation proceeding and that he should have obtained a farmers comprehensive general liability policy.

Defendant contends that the testimony in support of a reformation of the contract does not sufficiently meet the test of clarity and unambiguity which is requisite for reformation of the contract.

### Findings of Fact

The court finds that the Combination Automobile Policy issued by the defendant to the plaintiff and which is attached as an exhibit to the agreed statement of facts was in force and effect at the time of the accident for which coverage is sought, on July 27, 1967; that it was issued and delivered to the plaintiff by Peoples Insurance Agency, an authorized agent of the defendant, acting within the scope and purpose of its authority.

The court finds that when this policy was originally issued it was the intention of the insured and the agent of the insurer that the liability policy would afford liability coverage for the tractors and farm implements of the plaintiff while being operated upon the public highway; that such a policy was specifically requested by the plaintiff-insured and that the language of the policy and, in particular, the endorsement headed "FARM TRUCKS AND FARM TRACTORS" reasonably led the plaintiff to believe that his farm implements were covered and that this belief and understanding extended from the time of the issuance of the original policy down to the occurrence of the accident in question.

### Conclusions of Law

■ This court is of the opinion that the facts surrounding the issuance of the policy in question are established by evidence that is clear and convincing to the effect that the parties intended to include within the liability coverage of the policy farm tractors and implements of the plaintiff while being operated upon the public highway. This court has the authority to grant reformation of a policy of insurance when it does not, by reason of a mistake in its execution, conform to the real agreement and intentions of the contracting parties. American Casualty Co. v. Hambleton, 233 Ark. 942, 349 S.W.2d 664; Phoenix Insurance Co. v. Boyett, 77 Ark. 41, 90 S.W. 284; Calvert Fire Insurance Co. v. Hardwicke, 232 Ark. 466, 388 S.W.2d 329.

An excellent statement of this rule, which the court approves, is found in Appleman, Insurance Law and Practice, Volume IV, Section 2913:

> "A doctrine of caveat emptor does not apply to insurance contracts. A court of equity may, therefore, grant relief where mutual mistake in the writing of an insurance contract results in the written terms not expressing the clear intention and understanding of the parties, and equity will retain jurisdiction after granting reformation to reform such contract as between the parties thereto and their privies. This is particularly true where the insured was induced to act upon the superior judgment of an insurance agent or where the error resulted from fraud, mistake, or negligence of the agent."

### Conclusion

■ The court finds that judgment should be entered for the plaintiff, reforming the insurance policy in effect at the time of the accident to extend and afford liability coverage under the terms of the policy for the accident which forms the basis for the proceedings against the plaintiff in the Arkansas County Circuit Court and the defendant is directed to defend the policy on behalf of the plaintiff and to pay any judgment which may be obtained against him up to the limits of the policy. The attorney for the plaintiff is directed to prepare decree and submit it to the court after obtaining approval of counsel for the defendant as to the form.