Rube ROBINSON, Appellee,

v.

The HOME INDEMNITY COMPANY, Appellant.

No. 20505.

United States Court of Appeals, Eighth Circuit.

March 5, 1971.

---

Griffin Smith, Little Rock, Ark., for appellant.

John D. Eldridge, Augusta, Ark., for appellee.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant, The Home Indemnity Company, has taken this timely appeal from final judgment granting reformation of an automobile liability insurance policy it issued the plaintiff, Rube Robinson. The court, on the ground of mutual mistake, reformed the policy to provide coverage for farm tractors and machinery moving on the public highway between two substantial farms operated by Robinson located some six miles apart. The facts and basis of the decision are set out in Chief Judge Harris' well-reasoned opinion reported at 316 F.Supp. 129, and will not be repeated in detail here.

A five-ton John Deere tractor operated by Robinson's employee while traveling between the two farms was involved in an accident. Suit for damages arising out of the accident was brought against Robinson by the injured parties. Defendant denied coverage and refused to defend. Plaintiff brought this action for reformation of the policy to establish coverage, or alternatively to interpret the policy as written as providing coverage.[1]

The policy here in dispute was issued by defendant's agent James. His authority to issue liability insurance coverage of the type sought by Robinson is not questioned. The policy issued was in force at the time of the accident.

The sole issue raised by defendant on this appeal is that the trial court's find-

ing of mutual mistake lacks evidentiary support. We disagree and affirm.

 It is not disputed that reformation on the ground of mutual mistake is an available remedy under Arkansas law. See American Casualty Co. v. Hambleton, Ark., 349 S.W.2d 664, 666–667. The question of whether a mutual mistake has in fact been made by the parties ordinarily presents a fact issue. Upon appeal the evidence of course must be viewed in the light most favorable to the prevailing party. Credibility findings and the resolution of the weight of the evidence falls within the province of the trial court. We do not try cases de novo. Findings of fact made by the trial court should not be set aside unless clearly erroneous. Jackson v. Hartford Accident & Indemnity Co., 8 Cir., 422 F.2d 1272, 1275; Garrett v. United States, 8 Cir., 407 F.2d 146, 149.

Plaintiff and defendant's agent James are the only persons having knowledge of the negotiations leading to the issuance of the policy. Both appeared as witnesses at the trial. Plaintiff positively testified that when he rented the second farm in about 1965 he knew that he would have to use the public highway to move common farm machinery needed in the operation of the two farms, from farm to farm. Prior to the time of renting the second farm, Robinson had only fire and wind insurance coverage on his farm machinery. Agent James handled all of plaintiff's insurance needs. Robinson went to James' office and plainly told him that he wanted liability insurance coverage to cover the moving of tractors and other farm machinery from farm to farm. The agent undertook to provide the coverage. Robinson received the insurance policy and observed it contained a "farm trucks and farm tractors" endorsement which he as a layman thought gave him the coverage he wanted.[2]

---

1. The trial court did not reach or adjudicate the interpretation issue and such issue is not before us.

2. The provisions of this rider affording coverage and exclusions are complex and difficult to understand. The agent when

Robinson renewed the liability policy from year to year without discussion by paying the annual premiums as billed. He first became aware of defendant's position that the tractor operated on the highway between his two farms was not covered when the company denied coverage after the accident.

The essence of agent James' testimony is that he does not recall being asked for the road coverage on the tractors and farm machinery. He admits that an insurance policy was ordered and delivered. He does not relate his version of the conversation that took place at that time nor does he positively deny that the plaintiff did ask for such coverage.

▪ We have carefully examined the entire record and are satisfied that the court's finding of mutual mistake is supported by substantial evidence and that such finding is not clearly erroneous.

Defendant, apparently recognizing that the court was justified in crediting Robinson's testimony as to mistake on his part, stressed that there is not a scintilla of evidence to show defendant intended to extend any other coverage than that provided in the policy delivered, and hence the requisite showing of mutual mistake has not been made. While there is no direct testimony that defendant intended to deliver any other policy than the one actually delivered, we believe that there is adequate evidence to support a finding of mistake on the part of the defendant.

In any event, if there was no mistake on the part of the defendant, the evidence would support reformation on the basis of mistake on the part of Robinson and inequitable conduct on the part of defendant. The court's broad finding reads:

"The court finds that when this policy was originally issued it was the intention of the insured and the agent of the insurer that the liability policy would afford liability coverage for the tractors and farm implements of the plaintiff while being operated upon the public highway; that such a policy was specifically requested by the plaintiff-insured and that the language of the policy and, in particular, the endorsement headed 'FARM TRUCKS AND FARM TRACTORS' reasonably led the plaintiff to believe that his farm implements were covered and that this belief and understanding extended from the time of the issuance of the original policy down to the occurrence of the accident in question."

The court approves and quotes from Appleman, Insurance Law and Practice, Volume 4A, § 2913, as follows:

"The doctrine of caveat emptor does not apply to insurance contracts. A court of equity may, therefore, grant relief where mutual mistake in the writing of an insurance contract results in the written terms not expressing the intention of the parties, and equity will retain jurisdiction, after granting reformation to enforce such contract as between the parties thereto and their privies. This is particularly true where the insured was induced to act upon the superior judgment of an insurance agent, or where the error resulted from the fraud, mistake, or negligence of the agent."

The identical Appleman quotation is approved and followed by the Arkansas Supreme Court in American Casualty Co. v. Hambleton, supra.

No useful purpose will be accomplished in discussing the various cases granting or denying reformation as each case must turn on its own peculiar facts.

The judgment is affirmed.

asked by the court what the meaning of the endorsement was testified:
"The Court: That must have some meaning, you say, to your endorsement there because it says 'farm trucks and farm tractors'.

"The Witness: Well, the company— this policy was written in the office here in Little Rock and they attached those, and they didn't explain to me why they attached them so I don't really know."