Johnny HESTER et ux *v.*
Mark L. CHAMBERS et ux

78-213                                                576 S.W. 2d 195

Opinion delivered January 29, 1979
(Division I)

*Sam Edward Gibson, P.A.,* by: *Sam Gibson* and *Kenneth V. Crow,* for appellants.

*Hall, Tucker, Lovell & Alsobrook,* for appellees.

CONLEY BYRD, Justice. Appellants Johnny Hester, et ux, and appellees Mark L. Chambers, et ux, are adjoining landowners. In 1965, the Chambers bull-dozed a road right-of-way across their property and up to the boundary fence separating the adjoining properties. In 1969, the Chambers caused the county to grade the road up to the boundary fence. In 1970, the Chambers dedicated a road right-of-way which described a dedicated road as being 25 feet on either side of a described line that sometimes curved either right or left "on a radius of 75 feet." In April 1973, appellants talked to Mark L. Chambers with reference to whether it was a county road and that they intended to build a house so as to utilize the road. Mr. Chambers at the time agreed that the county road ran up to the fence. Shortly after, in discussing the matter with his wife and his son-in-law, it was pointed out to Mr. Chambers that the dedicated road stopped ten feet short of the fence. Mr. Chambers told his wife and son-in-law that they were right but he would wait until the appellants got their house constructed before mentioning the ten feet to appellants. In August 1973, after the appellants' house was substantially completed, Mr. Chambers wrote a letter to appellants pointing out that the dedicated road stopped ten feet short of appellants' boundary. Appellants continued to use the road thereafter including rural mail delivery. The county made repairs to the road as needed. This action by appellees was filed in 1978.

Mr. Chambers' son-in-law testified that he was the engineer that supplied the dedicated road description and that it stopped ten feet short of the appellants' boundary. On cross-examination he conceded that one could not locate the appellants' boundary by reading the dedication description. However, he pointed out on redirect that any engineer could survey the road out for purposes of determining that it stopped ten feet short of the boundary.

Based upon the foregoing facts the trial court ruled that appellants had an easement by estoppel across the ten feet, for the sole purpose of access to their home, but that the easement was personal to the appellants and could not be ex-

panded to the public at large. Both parties have appealed with appellants contending that the trial court erred in ruling that the road was a private road rather than a public road and appellees contending a representation made through an innocent mistake is not ground for estoppel.

The rule with respect to estoppel is set forth in *American Casualty Co. v. Hambleton,* 233 Ark. 942, 349 S.W. 2d 664 (1961), as follows:

"A party who, by his acts, declarations or admissions, or by failure to act or speak under circumstances where he should do so, either designed or with willful disregard of interest of others, induces or misleads another to conduct or dealings which he would not have entered upon but for such misleading influence, will not be allowed, because of estoppel, afterwards to assert his right to the detriment of person so misled. *Dobbins* v. *Martin Buick Co.,* 216 Ark. 861, 227 S.W. 2d 620; *Williams* v. *Davis,* 211 Ark. 725, 202 S.W. 2d 205; *Rogers v. Hill,* 217 Ark. 619, 232 S.W. 2d 443."

As can be seen from the foregoing record Mr. Chambers, after representing the road to be a public road all the way to the fence line, neglected to correct his declarations until after the appellants had substantially constructed their home in reliance upon such representation. Under such circumstances, the trial court erred in refusing to say that appellees were estopped to make an assertion that the road was not a public road.

Needless to say, we find no merit to appellees' assertion that the appellees' representation was an innocent mistake. The record shows that after appellees became aware of the error, they permitted appellants to substantially construct their house before they made any assertions to the contrary.

Reversed and remanded for entry of a decree not inconsistent herewith.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and PURTLE, JJ.