**SAFECO INSURANCE COMPANY,**
Petitioner, Appellant,

v.

**Larry LINDBERG, Defendant and Third
Party Plaintiff, Respondent,**

**Kim Barrett, Respondent,**

**Continental Brokers Corporation, et al.,
Third Party Defendants, Respondents.**

Nos. C2–85–1119, C6–85–1141.

Supreme Court of Minnesota.

Oct. 10, 1986.

Robert W. Ketterling, Jr., Brian J. Love, Minneapolis, for Safeco Ins. Co.

Larry Lindberg, Ham Lake, for Lindberg.

Keith J. Broady, Minneapolis, Robert J. Johnson, Minneapolis, for Barrett.

William Majerus, Minneapolis, for Continental.

SIMONETT, Justice.

This case involves the applicability of a watercraft exclusion in a homeowner's liability policy. The court of appeals held the exclusion inapplicable. We affirm.

Defendant-respondent Larry Lindberg purchased a homeowner's policy from plaintiff-appellant Safeco Insurance Company in July 1978, effective for the policy period July 13, 1978, to July 13, 1979. At the time Lindberg purchased the policy, he did not own a boat and motor, but in May 1979, he purchased a 14–foot boat with a 55–horsepower motor. When the policy came up for renewal about a month and a half later, Lindberg renewed the Safeco policy for the period July 13, 1979, to July 13, 1980. At no time did Lindberg ever report his acquisition of the high-powered boat to Safeco. On June 22, 1980, near the end of the renewal period, Lindberg had an accident with his boat, injuring defendant-respondent Kim Barrett.

Safeco denied coverage for Kim Barrett's claim on the ground the insured had failed to report acquisition of the boat prior to the "inception of the policy," as required by the watercraft exclusion, and brought this declaratory judgment action to confirm its

denial. The trial court agreed with Safeco and held there was no coverage. The court of appeals reversed, finding the watercraft exclusion inapplicable. *Safeco Insurance Co. v. Lindberg*, 380 N.W.2d 219 (Minn.Ct. App.1986). We granted Safeco's petition for further review.

Safeco's policy states it does not apply to claims—

> arising out of the ownership, maintenance, operation, use * * * of any watercraft * * * powered by an outboard motor(s) singly or in combination of more than 25 total horsepower, if such outboard motor(s) is owned by any insured at the *inception of this policy* and not endorsed hereon (emphasis added),

but the exclusion then goes on to say—

> unless the insured reports in writing to this company within 45 days after acquisition his intention to insure the outboard motor or combination of outboard motors, ownership of which was *acquired prior to the policy term.* (Emphasis added.)

The issue is what is meant by the phrases "inception of the policy" and "acquired prior to the policy term"? Presumably, these phrases are equivalent. Safeco says each policy renewal is the inception of a new policy, and, because Lindberg owned his boat prior to the inception of the policy renewal on July 13, 1979, and failed to report it, the watercraft exclusion applies to the accident which subsequently happened. On the other hand, respondents claim the renewal policy is a continuation of the original policy, which extends the policy term for an additional year; because Lindberg did not own the boat at the inception of the original policy on July 13, 1978, the exclusion does not apply.

Safeco relies on *Hauer v. Integrity Mutual Insurance Co.*, 352 N.W.2d 406, 408 (Minn.1984), where we said, "[T]he general rule is that upon each renewal an entirely new and independent contract of insurance is created and is governed by the laws in effect on the date of the renewal," citing *Taylor v. American National Insurance Co.*, 264 Minn. 21, 117 N.W.2d 408 (1962),

and *Steele v. Great Eastern Casualty & Indemnity Co.*, 158 Minn. 160, 197 N.W. 101 (1924). A close reading of these three cases reveals, as the court of appeals also noted, that the general rule in *Hauer* is that policy renewals are new contracts to the extent they are governed by statutes in effect on the date of renewal. Here we do not have a question of the applicability of a new legislative enactment. Here the status of a policy renewal comes up in the context of construing only language in the policy itself. Thus, we must look to the policy language to determine whether "inception of the policy" or, alternatively stated, "acquired prior to the policy term" means the beginning of the initial policy term or the beginning of each renewal term.

Ordinarily, one would think an insurance company would require an insured who acquires a high-powered boat to report the boat promptly to the company so that coverage can be provided and a premium for the increased risk charged. If acquisition of the boat is not reported, the boat is never covered. Or there could be a variation of the after-acquired automobile clause, where an auto policy affords coverage for an after-acquired automobile but only if reported to the company within so many days. But this is not how Safeco's watercraft exclusion reads. It purports to exclude only boats owned at the "inception of the policy," or, as alternatively stated, "acquired prior to the policy term." The phrase "policy term" is specifically defined in the policy as "the period shown on the declarations under 'Policy Period' and for such succeeding periods, * * * as the required premium * * * is paid and accepted by the company on or before the expiration of the current policy period." This seems to say there is only one *term* consisting of the initial policy *period* which is extended by succeeding renewal *periods*. This interpretation is borne out by the certificate received by Lindberg on his policy renewal, which is entitled an "Extension Certificate," and which states the company *"will extend* the Policy Term from July 13, 1979

to July 13, 1980" (emphasis added). If this is so, it would seem the inception of the policy is when the policy is first taken out and any succeeding renewals are only "periods" within a single, but expanding, policy term.

On the other hand, Safeco points to language in the first paragraph of the insuring agreement insuring "for a *term* shown from inception date shown in the declarations * * * to expiration date shown in the declarations * * *." (Emphasis added.) Whatever one tries to make of this language, there is nothing about it which suggests that "inception of the policy" as used in the watercraft exclusion means other than inception of the initial policy period. It makes better sense, we think, to assume the words "policy term," as defined in the definition section and as used in the watercraft exclusion as well as in the extension certificate, all refer to the same period of time.

It seems to us the watercraft exclusion quite plainly says it excludes coverage for high-powered boats owned by the insured prior to the inception of the policy, *i.e.*, prior to the initial policy period. This makes odd sense, if it makes sense at all, but this is what the policy says. Safeco argues this is unreasonable because it means Lindberg can acquire an unlimited number of boats over an unlimited number of years, all of which would be covered under renewal periods without any need on the part of the insured to report the boats or pay an additional premium. To make this argument, however, Safeco has to admit its policy covers after-acquired high-powered boats, something the policy does not expressly say. Thus, while Safeco contends Lindberg was required to report ac-

quisition of the boat to have coverage for the renewal period, it concedes there was already coverage from May 1979, when Lindberg bought his boat, to July 13, 1979, the end of the initial policy period. This coverage was not dependent on any reporting requirement nor any premium payment, but was, says Safeco, a bonus. But if coverage for an unlimited number of renewal periods without any reporting seems an unlikely expectation, so does the conferring of a bonus.

The problem here, of course, is that the watercraft exclusion defies any common-sense interpretation; the word "renewal" is not used, and the words "policy," "term" and "period" are not always used with precision. If there is any ambiguity in the two phrases—"inception of the policy" and "acquired prior to the policy term"—it is introduced by the insurer's theory of the case as to what watercraft coverage is afforded.[1] In this situation, any ambiguity is to be construed in favor of the insured. *Caspersen v. Webber*, 298 Minn. 93, 98, 213 N.W.2d 327, 330 (1973). In other words, we hold, as did the court of appeals, that Lindberg did not acquire his boat prior to the inception of the policy and, therefore, this peculiar exclusion of watercraft from policy coverage is inapplicable.

Affirmed.

---

**1.** *See Ross v. Royal Globe Insurance Co.,* 612 F.2d 379 (8th Cir.1980). There Royal Globe argued the watercraft exclusion was never intended to cover boats acquired after the inception of the policy. As drafted, the exclusion was meant to cover the situation where a person "applies for insurance, next acquires a boat, and is then issued the policy." *Id.* at 381. If the insured did not, within 45 days after acquiring the boat, report the boat to the company, the exclusion applied. "Whatever the wisdom of

such a peculiar scheme," said the court of appeals, "we cannot alter the terms of an insurance contract merely because they appear odd." *Id.* at 381. Indeed, the trial court had tried to "reform" Royal Globe's policy because it thought it was "nonsensical" and "ridiculous" and had to be a drafting mistake. In our case here, Safeco, unlike Royal Globe, says the exclusion was not intended to exclude "after acquired" boats, at least not for the policy period during which acquired.