**AETNA CASUALTY & SURETY COM-
PANY, Plaintiff,**

v.

**Gene Rodney HATRIDGE, Barbara Ann
Hatridge and Herman L. Reid,
Defendants.**

**No. 1167.**

United States District Court
W. D. Arkansas,
El Dorado Division.

April 1, 1968.

Shackleford & Shackleford, El Dorado, Ark., for plaintiff.

Bernard Whetstone, El Dorado, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This is an action for declaratory judgment in which the plaintiff seeks a determination of the coverage of its insurance policy.

Defendants herein were parties to an action in the Circuit Court of Union County, Arkansas. A default judgment was entered in that case awarding Gene Rodney Hatridge $50,000.00 and his wife, Barbara Ann Hatridge, in her claim for loss of consortium $10,000.00 against the defendant, Herman L. Reid. The suit was based on the negligence of Reid who was the driver of a bus involved in a vehicular accident in which Gene Rodney Hatridge was a passenger.

Subsequently Barbara Ann Hatridge brought a direct action in the Union County Circuit Court under the provisions of Ark.Stat. 66–4001 against Aetna, the plaintiff herein, seeking a judgment against Aetna under the terms of its insurance policy issued to Ford, Bacon & Davis, Inc., owner of the bus and employer of both Reid and Hatridge. In her complaint the plaintiff alleged a waiver of the statutory penalty and attorney's fee (Ark.Stat. § 66–3238) and reduced her claim to $9,999.99. Notwithstanding, the case was removed to this Court and docketed as Case No. 1165 and is presently pending on a motion to remand.

Case No. 1165 was removed on September 28, 1967, and the present Declaratory Judgment action was filed on October 10, 1967.

In the case of James Q. Bryan and Gratha Bryan v. Aetna Casualty and Surety Company, Case No. 1112, this Court ruled on an identical factual situation involving a different party plaintiff. James Q. Bryan was injured in the same accident, obtained a default judgment against Herman L. Reid, and

brought an action in this Court against Aetna under the provisions of the same insurance policy. This Court granted Aetna's motion for a summary judgment based on exclusionary provision of the insurance policy. On appeal this ruling was affirmed by the Eighth Circuit Court of Appeals. Bryan v. Aetna Casualty and Surety Company, 8 Cir., 381 F.2d 872 (1967).

Plaintiff admits that the determinative legal issues in the present cause and the Bryan case are identical, but contends that this court lacks jurisdiction of Case No. 1165 because the jurisdictional amount is insufficient, and that it may not exercise its jurisdiction over the present cause during the pendency of Case No. 1165.

■ It is well settled that the mere pendency of another action involving the same issues does not of itself preclude the exercise of declaratory jurisdiction. 6A Moore's Federal Practice ¶ 57.08(6). Diversity of citizenship and jurisdictional amount being present there is no question as to the Court's jurisdiction. The issue is whether the Court should or should not entertain jurisdiction in the proper exercise of its discretion granted by the statute (28 U.S.C. § 2201) and the rule (Fed.R.Civ.P. 57). As to this issue the Court concludes that it should exercise its jurisdiction. Indeed under the rather unusual circumstances surrounding this litigation the failure of the Court to exercise its jurisdiction may well be an abuse of its discretion.

■ In Borchard, Declaratory Judgments (2d ed. 1941) 296–298 the criteria for affirmative exercise of the Court's discretion is well stated and supported by numerous authorities:

"The cases rarely indicate the special grounds upon which the court's discretion is exercised in favor of a declaratory judgment. When it is so exercised, it may be assumed first that all the jurisdictional and procedural prerequisites of justiciability were present. In addition, the Court must have concluded that its judgment will 'terminate the uncertainty or controversy giving rise to the proceeding' and that it will serve a useful purpose in stabilizing legal relations. The wide discretion of the court in moulding the declaration to the needs of the occasion, unhampered by the issues joined or the claims of counsel, enables it to respond effectively to those practical requirements. It was by an empirical demonstration of the practical utility, of the declaration in such cases as * * * (citing numerous authority) * * * that the scope of its application was gradually broadened, * * * and the court's discretion exerted in favor of the declaration whenever it was convinced that it would serve a useful purpose. Attention was thus directed from form and formula to substance and policy, so that we find convenience, expediency, need, desirability, public interest, or policy the common criteria of the grant of the declaration. Moreover, it may be well to repeat that a declaration may *not* be denied merely because another remedy could have been used or because of the pendency of another suit in which the rights of the parties would not necessarily be determined."

■ Certainly these criteria are met in this action. In addition it is obvious that the complaint of Barbara Ann Hatridge in Case No. 1165 was a device contrived by her attorney to avoid federal jurisdiction over the exact legal issues which have previously been determined by this Court against a plaintiff represented by the same attorney. This procedure of itself may well be proper; it is normally within the plaintiff's election to choose the forum in which to proceed. However, in considering the present action for declaratory relief, it is proper for this Court to take into account the various ramifications that might result should plaintiff proceed as she proposes.

■ As previously stated Barbara Ann Hatridge's claim is based on a default judgment obtained in the State Court. Her damages there were based on loss

of consortium due to injuries suffered by her husband Gene Rodney Hatridge. In the same judgment in which Mrs. Hatridge was awarded $10,000.00 Mr. Hatridge was awarded $50,000.00. The Arkansas law is clear that a wife's claim for loss of consortium is derivative of and dependent upon the husband's right to recovery. Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417, 12 A.L.R.3d 929 (1963); Tollett v. Mashburn, 291 F.2d 89 (C.C.W.D.Ark.1961).

█ The principle of judicial economy and fairness to the parties would surely be violated should this Court, by failure to exercise its discretionary power, permit counsel for parties injured in the same accident to shop from forum to forum thus subjecting the defendant to the evils inherent in a multiplicity of actions.

█ An order will therefore be entered denying defendant's motion to dismiss and granting plaintiff's motion for summary judgment adjudging that its insurance policy did not afford coverage to the defendant. The merits of the action need not be discussed here since, as stated, the exact issues have been previously resolved in Case No. 1112 and affirmed by the Eighth Circuit Court of Appeals. Bryan v. Aetna Casualty & Surety Company, supra.

Having thus disposed of this cause and having determined as stated herein that the claim of Barbara Ann Hatridge in Case No. 1165 is derivative of her husband's rights, the Court concludes disposition of No. 1165, which was heard simultaneously on a motion to remand with No. 1167, may also be made under the doctrine of pendent jurisdiction.

In United Mine Workers of America v. Gibbs, 383 U.S. 715, 725–726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court made its most recent pronouncement of the doctrine:

"Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, * * *' * * * and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case' * * * The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

" * * * [The justification of the doctrine of pendent jurisdiction] lies in considerations of judicial economy, convenience and fairness to litigants."

The Supreme Court cases dealing with the doctrine have involved federal claims rather than diversity jurisdiction. However recently there are a series of cases, all involving diversity jurisdiction in the Federal Courts of Pennsylvania, in which the doctrine has been applied. Borror v. Sharon Steel Company, 3 Cir., 327 F.2d 165 (1964), Wilson v. American Chain & Cable Company, 3 Cir., 364 F.2d 558 (1966), Newman v. Freeman, D.C., 262 F.Supp. 106 (1966), Obney v. Schmalzreid, D.C., 273 F.Supp. 373 (1967). See also McSparran v. Weist, D.C., 270 F.Supp. 421 (1967).

These cases involve actions by non-resident guardians or administrators against resident defendants where claims of parents or next of kin not otherwise meeting diversity requirements were allowed to be joined under the doctrine of pendent jurisdiction. The rule is stated by Circuit Judge Freedman in Wilson, supra, as follows:

"In these circumstances it seems to us both appropriate and right to apply the doctrine of pendent jurisdiction, by which a claim cognizable in the federal courts may be permitted to carry with it a related claim otherwise not within the federal jurisdiction, if both claims ordinarily would be tried in one judicial proceeding. The basis for this doctrine is the judicial economy, and the convenience and fairness to litigants which it serves."

The Court concludes that this principle is sound and should be applied under the circumstances in Case No. 1165. Having obtained jurisdiction over Case No. 1165 under the doctrine of pendent jurisdiction plaintiff's motion to remand therein will be overruled and an order will be entered dismissing the complaint in accordance to this opinion.