Vero W. GREER, Appellant,

v.

MID–WEST NATIONAL FIRE & CASUALTY INSURANCE COMPANY and David Rose, Appellees.

No. 20146.

United States Court of Appeals, Eighth Circuit.

Dec. 2, 1970.

**216**

H. B. Stubblefield, Little Rock, Ark., Poynter & Huckaba, Mountain Home, Ark., filed brief for appellant.

Charles W. Baker, Little Rock, Ark., filed brief for appellee, Mid-West National Fire & Casualty Insurance Company.

Before MATTHES, Chief Judge; HEANEY, Circuit Judge and VAN PELT, Senior District Judge.

VAN PELT, Senior District Judge.

Plaintiff-appellant, a judgment creditor of David Rose, brought this action against Rose's insurance carrier, defendant-appellee Mid-West National Fire & Casualty Insurance Company, to recover the unpaid balance owing him from Rose upon a personal injury judgment. The claim was dismissed and following the overruling of certain motions hereafter discussed, this appeal followed. We affirm.

The case has its inception in a collision in Baxter County, Arkansas, between an automobile in which plaintiff was riding and an automobile owned by Leo Rose and operated by his son, David, with the father's consent. Plaintiff was injured.

Defendant Mid-West had issued to Leo Rose an automobile liability insurance policy covering injuries to one person in the sum of $25,000. David Rose was also insured under the policy terms.

Suit was brought and a judgment rendered for plaintiff and against David Rose for $55,000.00. During the trial plaintiff offered to settle all of his claims for $25,000.00. Both Leo and David Rose demanded that Mid-West make the settlement. Mid-West refused. After the judgment was rendered Mid-West tendered into court $25,000.00, which has been credited on the judgment leaving $30,000.00 and interest unpaid.

Plaintiff filed an involuntary petition in bankruptcy against David Rose. Thereafter it was dismissed apparently because David Rose indicated a willingness to sue Mid-West for its claimed wrongful refusal to settle. Much of the history of the litigation is found in an earlier opinion of Judge Henley filed in this case. See 305 F.Supp. 352.

It is clear that David Rose has, to use Judge Henley's expression, "vacillated" on whether to pursue Mid-West himself.

This action was originally brought in the state courts and was removed. Defendants were Mid-West and both of the Roses.[1] David Rose filed a cross-claim against Mid-West. After a hearing, Leo Rose was dismissed from the case. David was made a plaintiff by realignment of the parties and his cross-claim dismissed without prejudice. Plaintiff's claim against David Rose was dismissed and plaintiff's claim against Mid-West was dismissed with prejudice. The court held that under Arkansas law a judgment creditor (Greer) of an insured tortfeasor (David Rose) could not maintain a direct action against the tortfeasor's insurance carrier (Mid-West) on the theory of subrogation or otherwise.

Plaintiff thereafter moved to set aside the earlier judgment of dismissal with leave to permit his complaint against Mid-West to be dismissed without prejudice. This was denied and this appeal followed.

Plaintiff contends that (1) the lower court erred in not granting a trial on the

---

1. Plaintiff sought only declaratory relief against David and Leo Rose, and sought pecuniary relief only against Mid-West.

merits, and (2) plaintiff is entitled to bring suit directly against his debtor's insurance carrier. Plaintiff also asks that this court determine the issue of res judicata which might be raised by Mid-West in future litigation.

The assertion that the trial court should have granted a trial on the merits must be analyzed in two separate contexts. We must consider first whether plaintiff as a judgment creditor can himself proceed against his debtor's insurance carrier, and second, whether plaintiff can force Rose to prosecute a claim for plaintiff's benefit.

The Arkansas statute provides the answer to the first question. It reads:

"Any policy of insurance issued or delivered in this State indemnifying any person against any actual money loss sustained by such person for damages inflicted upon the property or person of another, shall contain a provision that such injured person, or his or her personal representative, shall be subrogated to the right of the insured named in such policy; and such injured person, or his or her personal representative, whether such provision is actually inserted in such policy or not, may maintain a direct cause of action against the insurer issuing such policy for the amount of the judgment rendered against such insured, *not exceeding the amount of the policy,* provided such judgment remains unsatisfied at the expiration of thirty (30) days from the serving of notice of entry of judgment upon the attorney for the insured or upon the insured or upon the insurer." Arkansas Stat. § 66–4001 (emphasis added).

■ Plaintiff reads this statute to provide unlimited subrogation. It can be so read, if, but only if, the reading

ceases with the words "shall be subrogated to the right of the insured named in such policy" and the semicolon is replaced with a period. It overlooks the language appearing after the semicolon. It is impossible to read the last portion of the sentence, including the words which we have italicized without concluding that the statute expressly limits the right of subrogation to the policy limits. In this case, this would be $25,000.00, the amount plaintiff has been paid by Mid-West. The statute does not provide for subrogation to all of the rights of the insured.

This reading is supported not only by the words of the statute and its punctuation but by authority as well. It is hornbook law that a statute must be read and construed as a whole, or in its entirety. 82 C.J.S. Statutes § 345 (1953). Separate sections of a statute cannot be considered in isolation. *See, e. g.,* Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

It is not the function of a court to usurp the policy making rights of the legislature. To nullify this statute should be the act of the legislature which passed it. Since the founding of the republic and the adoption of the Constitution, there has been discussion of the sharing of legislative functions by the judiciary. The framers of the Constitution did not grant to the courts supervision over legislation. They believed that the legislature is as much a guardian of the rights of the people as the courts. We will not disregard the expressed intention of the Arkansas legislature and in effect rewrite this statute to reach the result plaintiff desires.

The legislatures of other states have provided to injured parties the rights plaintiff claims here.[2] The cases cited

2. "Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of a bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, when-

ever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be canceled or annulled by any agreement

by plaintiff in reliance on other direct action statutes are, therefore, of little consequence and we will not prolong this opinion to further discuss them.

■ We affirm the trial court's holding that plaintiff as a judgment creditor, cannot maintain, under the present state of the Arkansas law, an action against his debtor's insurance carrier.[3]

Plaintiff further asserts that David Rose may properly be joined in this case and his rights against Mid-West litigated.

■ Under Arkansas law, parties who are united in interest must be joined as plaintiffs or defendants.[4] If a party refuses to join as plaintiff he may be joined as a party defendant, and the action will proceed as though he were a party plaintiff. Jones v. Hadfield, 192 Ark. 224, 96 S.W.2d 959 (1936). However, the key requirement is that the parties must be united in interest. Here the parties are not united in interest. They are actually

in the position of debtor and creditor. The Arkansas Supreme Court has held that the rights of the insured are antagonistic to the rights of the injured party:

"The rights of the injured arose at the time of the injury, 46 C.J.S. Insurance § 1191, p. 122, and are antagonistic to the rights of both the insurer and the insured. Under the facts here presented, it cannot be said that the insured and appellee were in privity with each other either in law or in fact." Southern Farm Bureau Casualty Ins. Co. v. Robinson, 236 Ark. 268, 365 S.W. 2d 454, 457 (1963).

Allowing joinder of all parties in interest in a lawsuit is a procedural matter. It is not the design of statutes or court rules providing for such joinder to create a claim where one did not previously exist.

■ Presently Rose has concluded that he will not press his claim against

between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, *such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.*" Connecticut Gen.Stat. § 38–175 (emphasis added).

"All policies insuring the legal liability of the insured, issued in this state by any company, association or reciprocal exchange shall, notwithstanding any other provision of the statutes, contain a provision providing that, in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, *the judgment creditor shall have a right of action against the insurer to*

*the same extent that such insured could have enforced his claim against such insurer had such insured paid such judgment.*" Iowa Code § 516.1 (1966) (emphasis added).

*See, also,* Davis v. National Grange Insurance Co., 281 F.Supp. 998 (E.D.Va. 1968), interpreting the applicable Virginia statutes which make the injured party a beneficiary of the insurance policy.

3. In Great American Insurance Co. v. Ratliff, 242 F.Supp. 983 (E.D.Ark.1965), both the insured and the injured party judgment creditor were seeking to recover on a cross-claim an amount in excess of the policy limits, on the ground that the insurance carrier had wrongfully refused to settle. Here, however, the insured is not seeking to recover from his insurer. The issue presented in this case, whether the judgment creditor can maintain the suit directly, was not present in *Ratliff,* since without question the insured could do so. *Ratliff* is thus readily distinguishable on that ground.

4. "Of the parties to the action, those who are united in interest, must be joined as plaintiffs or defendants but when, for any cause, it may be necessary, for the purpose of justice, a person who shall have been joined as a plaintiff may be made a defendant, the reason therefor being stated in the complaint." Ark.Stat. § 27–808.

Mid-West. We need not speculate as to his reasons. We conclude that Rose should not be forced against his wishes to prosecute his claim against Mid-West.

Plaintiff finally asserts there is ambiguity as to the rights and liabilities of the three parties involved and as to the possible effect of a plea of res judicata in future litigation. This assertion merits little discussion. Here all three parties are present. Thus, it is unlike the situation in Dotschay for Use and Benefit of Alfonso v. National Mutual Insurance Co., 246 F.2d 221 (5th Cir. 1957), relied upon by plaintiff.[5] The lower court dismissed the claims against David and Leo Rose for failure to state a claim upon which relief could be granted. Plaintiff remains, however, a judgment creditor of David Rose, and Rose continues to have a possible claim against Mid-West. Plaintiff's claim against Mid-West was properly dismissed as not having any basis under Arkansas law. In light of this holding, we agree with Judge Henley's conclusion that plaintiff is left precisely where he started.

For the reasons stated, we affirm the trial court.

5. In *Dotschay*, the insured attempted to bring actually two lawsuits, one in his name, and the second for the benefit of the injured party. The district court concluded that plaintiff's suit was improperly brought, and the court of appeals reversed, holding that the insured was entitled to declaratory relief against his own insurance carrier. The court also reversed the district court's dismissal of the suit on behalf of the injured party with prejudice on the ground that he (the injured party) was not represented by one in sympathy with his interests, and to preclude the possible claim of res judicata. Here, however, there is no such danger. Each party has been fully and fairly represented.