GRANITE STATE INSURANCE COMPANY *v.*
E. H. BACON, Individually, and E. H. BACON
d/b/a ARKANSAS MOTEL and Walter H. BROYLES

CA 79-88                                    586 S.W. 2d 254

Opinion delivered August 29, 1979
and released for publication September 25, 1979

*Laser, Sharp, Haley, Young & Huckabay,* for appellant.

*Friday, Eldredge & Clark,* by: *William H. Sutton* and *Donald H. Bacon,* for appellee.

JAMES H. PILKINTON, Judge. This case arises out of an admitted error on the part of an insurance agent in procuring fire insurance for an insured. The case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals under Rule 29(3) of the Arkansas Supreme Court.

The Chancery Court reformed an insurance policy issued by Granite State Insurance Company to E. H. Bacon d/b/a Arkansas Motel, Arkadelphia, Arkansas, to provide $55,000 coverage on Unit A of his motel. Under the reformed policy Mr. Bacon was given judgment for $44,899.24 against the insurance company to cover fire damage to the insured property, plus statutory penalties and attorney fees. The insurance company was awarded $540 on a cross action against its agent Walter H. Broyles for the additional premium due on the increased amount of coverage afforded

by the policy as reformed.

Appellant does not question any of the pertinent findings of fact made by the Chancellor in the decree. It urges only one point on appeal claiming the Chancellor erred in refusing to award Granite Life judgment over against the agent by way of contribution and/or indemnity for the amounts the company was required to pay, under the reformed policy, in excess of $5,500 coverage provided by the policy actually issued.

Mr. Broyles has handled the insurance affairs of Mr. Bacon for the past several years. The Arkansas Motel consists of three separate units. Unit A involved in this litigation contained eight rooms, together with an office, storage facilities and the Bacon private living quarters. Units B and C contained only rental units. For two years prior to November 7, 1977, Mr. Bacon had insured the motel against fire loss with another company. That coverage was also obtained by agent Broyles. Sometime prior to that date, Mr. Bacon was advised by the other company it was no longer willing to continue to insure the motel. Thereafter Mr. Broyles placed the fire coverage with Granite State Insurance Company. Mr. Broyles and Mr. Bacon had agreed that the agent was to obtain the same amount of insurance coverage by securing a policy from Granite State. In a letter sent to Granite State, Mr. Broyles correctly assigned values of $50,000 each to Unit B and Unit C of the motel, but erroneously typed $5,500 fire coverage for Unit A instead of the intended amount of $55,-000. It is undisputed that the previous premise coverage on Unit A had been $55,000; and that it was Mr. Bacon's instruction to the agent to procure the same amount on that unit. The Granite State coverage was effective November 7, 1977, but the policy as written on Unit A did not reflect the agreement of the parties as it provided only $5,500 coverage. On December 1, 1977, before anyone involved discovered the error, Unit A was partially destroyed by fire. The loss was within the coverage provided by the Granite State policy, as reformed. The amount of loss is not an issue here.

The facts in this case are almost identical to those in *Pennsylvania Millers Mutual Insurance Company* v. *Walton*, 236

Ark. 336, 365 S.W. 2d 859 (1963). In that case the agent and insured had agreed upon a certain coverage. Through a mistake of the agent the insured was left insufficiently covered. In *Pennsylvania Millers Mutual* the insurance company sought indemnity from the agent. The mistake there was not discovered until after the damage had occurred. In that case too the Chancellor reformed the policy because of error. Judgment was decreed against the carrier in favor of the insured less the difference in the premiums. Upon appeal the insurance company contended, just as Granite State does here, that the liability to the insured was caused by the mistake of the agent and the trial court erred in denying indemnity from the agent. The Supreme Court held that the agent was not liable to the insurance company for the mistake. The court said:

> It does not follow, in the absence of a showing of collusion or bad faith, that appellees are liable to appellant for a loss occasioned on an insurance contract which appellees had full power and expressed authority to make on behalf of appellant.

In the case at bar appellant places great emphasis on Mr. Broyles' negligence. A careful reading of *Pennsylvania Millers Mutual Insurance Company* v. *Walton,* shows that the question of negligence, whether related to the insurance company or the agent, is not the issue and the question of negligence should have no bearing on the disposition of this appeal. The one point presented by appellant here may be simply stated. (1) Did agent Broyles have authority to bind Granite State: and (2) would the insurance company have initially accepted the increased coverage? The answer to the first question is almost undisputed. The testimony of the assistant manager of the Granite State Little Rock office confirms that Mr. Broyles, as a general agent, had authority to bind the company to this risk prior to the issuance of the policy as Mr. Broyles claims. The answer to the second question is also clear from the evidence. Mr. Broyles testified there was no doubt in his mind Granite State would have insured Unit A for $55,000 had he requested coverage in that amount instead of the $5,500 by mistake. Mrs. Eileen Cockmon as an underwriter for Granite State confirms the company would

have issued a policy for $55,000 if it had been requested by Mr. Broyles, subject to a later inspection. Mrs. Cockmon testified the initial evaluation of property is the agent's responsibility. She said the company relies on the agent's expertise and is willing to stay bound on the amount requested by the agent pending an inspection. It is clear from Mrs. Cockmon's testimony that if Mr. Broyles had not made the error she would have written the policy on Unit A for $55,-000. The testimony of Mr. James V. Sewell, assistant manager of appellant's Little Rock office, confirms the fact the agent would determine the amount of coverage without prior approval of the company. The inspection report was not issued until some four months after the fire. Whether Mrs. Cockmon may have questioned the evaluation after the inspection is not important here. There is no suggestion of collusion or bad faith on the part of Mr. Broyles. He simply made a mistake, which was not intended, and admits the fact. The testimony indicates to us that Granite State would have issued a policy for $55,000 on the unit in question except for the agent's typographical error. We hold that the case of *Pennsylvania Millers Mutual Insurance Company* v. *Walton*, previously cited and discussed, is controlling of the issue now before this court.

The evidence clearly indicates that the risks such as Mr. Bacon's motel are of a class that Granite State was accustomed to writing; and is the type of risk, according to Mr. Broyles, which the company actively solicited. Granite State was not drawn into a contract of insurance against a risk which it ordinarily does not insure against.