EQUITY GENERAL AGENTS, INC. and JOSEPH M. DOLAN AGENCY *v.* James A. O'NEAL and ALLSTATE INSURANCE CO.

CA 84-144                                    692 S.W.2d 789

Court of Appeals of Arkansas
Division I
Opinion delivered July 3, 1985

*Friday, Eldredge & Clark*, by: *Elizabeth J. Rabben*, for

appellants.

*Wright, Lindsey & Jennings*, for appellees.

MELVIN MAYFIELD, Judge. This is an appeal from a declaratory judgment entered in the Pulaski County Chancery Court. The facts are not in dispute. For some years, James A. O'Neal had obtained his automobile insurance through the Joseph M. Dolan Agency. In January of 1981, the Dolan Agency cancelled O'Neal's insurance policy with one company and issued in its place a policy with Allstate Insurance Company. At that time, O'Neal owned two vehicles and both O'Neal and the Dolan Agency intended for the Allstate policy to provide coverage for both vehicles. However, through an admitted error of the Dolan Agency, one of the vehicles, a 1980 Chevrolet pickup truck, was omitted from the policy.

In May of 1981, O'Neal had an accident while driving the pickup truck and one of the persons involved in the accident brought suit in circuit court against O'Neal for personal injuries. O'Neal filed a third-party complaint against Allstate, seeking reformation of his insurance policy to provide coverage for the omitted vehicle. In turn, Allstate filed a third-party complaint against the Dolan Agency and against Equity General Agents, Inc., the Dolan Agency's errors and omissions carrier, seeking indemnity in the event of judgment against Allstate. The Dolan Agency filed an answer to Allstate's complaint and Equity General filed a motion to dismiss Allstate's complaint. The circuit court severed both third-party complaints from the original action and transferred them to chancery court because of the equitable nature of the subject matter.

After hearing the testimony, the chancellor entered a declaratory judgment finding that the Dolan Agency was negligent in omitting the pickup from O'Neal's policy and that Equity General's policy covered the agency's errors and omissions during the period involved. The judgment also ordered the Dolan Agency to defend O'Neal in the personal injury lawsuit pending against him in circuit court; O'Neal's complaint against Allstate was dismissed for want of equity; and Equity General's motion to dismiss Allstate's complaint was not granted.

Equity General and the Dolan Agency have appealed.

It is first argued that the chancellor should have granted Equity General's motion to dismiss. *Greer* v. *Mid-West National Fire & Casualty Insurance Co.*, 305 F. Supp. 352, 355 (E.D. Ark. 1969), *aff'd*, 434 F.2d 215 (8th Cir. 1970), is cited for its statement that "Apart from statute an injured party has no right of direct action in Arkansas against the liability insurance carrier of the tortfeasor," and the argument is that there is no statutory authority that would allow Allstate to bring this direct action against Equity General. In response, Allstate argues that Equity General was properly made a party because Arkansas' Declaratory Judgment Act applies to this matter and one section of that act provides "When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. . . ." Ark. Stat. Ann. § 34-2510 (Repl. 1962). We agree with Allstate on this point.

In *Aetna Casualty & Surety Co.* v. *Hatridge*, 282 F.Supp. 604 (W.D. Ark. 1968), the court stated the criteria for the affirmative exercise of the trial court's discretion in favor of a declaratory judgment:

> [T]he Court must have concluded that its judgment will "terminate the uncertainty or controversy giving rise to the proceeding" and that it will serve a useful purpose in stabilizing legal relations. The wide discretion of the court in moulding the declaration to the needs of the occasion, unhampered by the issues joined or the claims of counsel, enables it to respond effectively to those practical requirements. . . . Attention [is] directed from form and formula to substance and policy so that we find convenience, expediency, need, desirability, public interest, or policy the common criteria of the grant of the declaration. Moreover, it may be well to repeat that a declaration may *not* be denied merely because another remedy could have been used or because of the pendency of another suit in which the rights of the parties would not necessarily be determined.

*Id.* at 606 (quoting Borchard, *Declaratory Judgments* 296-298 [2d ed. 1941]).

In the instant case, the chancellor's judgment is entitled "Declaratory Judgment," and we find he correctly determined

that the criteria for a declaratory judgment were met. Although neither O'Neal nor Allstate's third-party complaint used the words "declaratory judgment," the effect of their complaints was to request that the court "declare rights, status, and other legal relations" and that is the jurisdiction granted by the Declaratory Judgment Act. *See* Ark. Stat. Ann. § 34-2501 (Repl. 1962). We think it was a proper exercise of the trial court's discretion to enter a declaratory judgment in an attempt to "stabilize the legal relations" of the parties, and we hold that the court did not err in refusing to grant Equity General's motion to dismiss Allstate's third-party complaint. *See, Priddy* v. *Mayer Aviation, Inc.*, 260 Ark. 3, 537 S.W.2d 370 (1976) (direct action by the insured party against an insurer upheld in action for declaratory judgment); *Pennsylvania Casualty Co.* v. *Upchurch*, 139 F.2d 892 (5th Cir. 1943) (issue of whether or not an injured third party may directly sue the insurer found to be a remedial matter and thus immaterial in an action for declaratory judgment).

■ The appellants' second argument is that the trial court erred in refusing to reform the insurance contract between Allstate and O'Neal. We agree with the appellants on this point. In *American Casualty Co.* v. *Hambleton*, 233 Ark. 942, 349 S.W.2d 664 (1961), the Arkansas Supreme Court approved the principle that a court of equity "may grant relief for a mutual mistake in the writing of an insurance contract that results in the written terms not expressing the clear intent and understanding of the parties. . . ." 233 Ark. at 945.

Many cases support the granting of reformation when an insurance policy is not reflective of the parties' agreement and intentions. For instance, in *Phoenix Assurance Co.* v. *Boyette*, 77 Ark. 41, 90 S.W. 284 (1905), it was undisputed that the insurance policy issued by the appellant insurance company to the appellee did not express the real agreement and intention of the appellee and the agent of the appellant insurance company. The Arkansas Supreme Court upheld the chancellor's order for reformation of the policy. *See also, Granite State Insurance Company* v. *Bacon*, 266 Ark. 842, 586 S.W.2d 254 (Ark. App. 1979) (reformation granted by the trial court and not an issue on appeal); *Pennsylvania Millers Mutual Insurance Company* v. *Walton*, 236 Ark. 336, 365 S.W.2d 859 (1963) (reformation granted by the trial court and not an issue on appeal); *Calvert Fire Insurance*

*Company* v. *Hardwicke*, 232 Ark. 466, 338 S.W.2d 329 (1960); and *Inter-Southern Life Insurance Company* v. *Holzhauer*, 177 Ark. 927, 9 S.W.2d 26 (1928).

■ In the instant case, it is undisputed that the written terms of O'Neal's insurance policy did not afford the coverage intended. Clearly, this was a situation in which reformation was the proper remedy. However, Allstate argues that O'Neal has not appealed from the chancellor's declaratory judgment and that the appellants, Dolan Agency and Equity General, do not have standing to seek reformation in privity with the original parties to the contract or in privity with the original parties. Allstate also points out that these appellants did not seek reformation at the trial court level and it is contended that they cannot complain about the trial court's decision for that reason. We find no merit in either contention.

■ The trial court's decision on reformation directly affected these appellants. On appeal, we try equity cases de novo and enter such judgment as should have been entered by the chancellor. *Pickens* v. *Stroud*, 9 Ark. App. 96, 653 S.W.2d 146 (1983). In *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979), the Arkansas Supreme Court stated:

> An appeal in a chancery case opens the whole case for review. All of the issues raised in the court below are before the appellate court for decision. . . . The appellate court reviews both law and fact and, acting as judges of both law and fact as if no decision had been made in the trial court, sifts the evidence to determine what the finding of the chancellor should have been and renders a decree upon the record made in the trial court. . . . The appellate court may always enter such judgment as the chancery court should have entered upon the undisputed facts in the record.

266 Ark. at 564 (citations omitted).

■ In the instant case, it is undisputed that (1) O'Neal and the Dolan Agency intended that O'Neal's policy would cover both of his vehicles, (2) coverage was provided for only one of the vehicles due to the admitted error of the Dolan Agency, (3) the Dolan Agency had the authority to bind Allstate, and (4) Allstate

would have accepted this risk. On these undisputed facts, the chancellor should have granted O'Neal's request for reformation. In this appeal by Dolan and Equity, we grant reformation to provide coverage for O'Neal's 1980 Chevrolet pickup truck.

The appellants' final argument is that the trial court erred in ordering the Dolan Agency to defend the suit filed against O'Neal in circuit court. We agree with the appellants since we find no legal basis for this order. Allstate thinks it is supported by *Priddy* v. *Mayer Aviation, Inc., supra.* In that case Mayer gave the insurance agent, Priddy, some premium money and asked him to obtain liability insurance coverage for Mayer from Pan American Fire & Casualty Company. Priddy failed to obtain the coverage through his own admitted negligence. Subsequently, two suits were filed against Mayer in circuit court and he in turn filed a petition for declaratory judgment in chancery court against Pan Am, Priddy, and Priddy's errors and omissions carrier. After hearing the evidence, the chancellor entered a declaratory judgment which declared that Priddy should defend Mayer in the two lawsuits. The *Priddy* case, however, is distinguishable from the instant case because there was no evidence in *Priddy* that the agent had the authority to bind Pan Am by issuing a policy to Mayer. In the instant case, the Dolan Agency clearly had full authority to issue the policy to O'Neal.

The facts in this case are in line with the holdings in *Granite State Insurance Company* v. *Bacon, supra,* and *Pennsylvania Millers Mutual Insurance Company* v. *Walton, supra.* In *Granite,* the insurance agent made a typographical error which resulted in the insured receiving less coverage than was intended. The trial court reformed the contract between the insured and the insurance company and held that the insurance company was not entitled to indemnity from the negligent insurance agent. The insurance company appealed and this court affirmed on the basis that the agent's negligence was not an issue. We said the issues were (1) whether or not the agent had authority to bind the insurance company and (2) whether or not the insurance company would have initially accepted the increased coverage. We quoted from the Arkansas Supreme Court's decision in *Pennsylvania Millers Mutual* to the effect that in the absence of bad faith or collusion the agent is not liable to his company for a loss on an insurance contract that he had "full power and expressed

authority to make." In the instant case, it is undisputed that the Dolan Agency had authority to bind Allstate to the type of policy issued to O'Neal. Clearly, the Dolan Agency should not be required to indemnify Allstate and should not be required to defend O'Neal.

In summary, we find the chancellor had the authority and was correct in entering a declaratory judgment in this case. However, he should have granted reformation of the O'Neal insurance policy and should not have required the Dolan Agency to defend the personal injury suit filed against O'Neal. Also, he should have held that neither the Dolan Agency nor Equity General was liable to indemnify Allstate for any loss on the O'Neal policy as reformed.

Affirmed in part and reversed in part.

CORBIN and GLAZE, JJ., agree.