Cynthia HARDY *v.*
UNITED SERVICES AUTOMOBILE ASSOCIATION;
Chloe J. Miers, and James Miers

CA 05-918                                              233 S.W.3d 165

Court of Appeals of Arkansas
Opinion delivered March 22, 2006

[Rehearing denied April 26, 2006.]

*Wm. C. Plouffe, Jr.,* for appellant.

*Kilpatrick, Williams, & Meeks, L.L.P.*, by: *Richard A. Smith*, for appellees.

A NDREE LAYTON ROAF, Judge. Appellant Cynthia Hardy appeals the decision of the Union County Circuit Court dismissing her declaratory action against appellees Miears[1] and United Services Automobile Association (USAA). Hardy raises two points on appeal: (1) that the trial court erred in dismissing her action because a justiciable controversy does exist and (2) that Arkansas case law allows third-party standing in a declaratory judgment suit in the context of an insurance dispute. We find no error and affirm.

On November 23, 2003, while negligently operating an automobile, appellee Chloe Miears struck and killed Catrice Johnson, Hardy's disabled minor daughter. Hardy's minor son witnessed the death of his sister and as a consequence suffered substantial mental and emotional difficulties.

Miears had an insurance policy with appellee USAA; the policy limits were $500,000 per claim and $1,000,000 per accident. Hardy, as special administratrix, settled a wrongful-death claim against Miears and USAA on behalf of her daughter's estate and the statutory beneficiaries for $500,000. This claim did not resolve the issue of any separate claim that Hardy's minor son could possibly bring.

Hardy subsequently brought a Petition for Declaratory Judgment on the issue of whether her son had a separate and independent tort claim so as to trigger the additional $500,000 of coverage. USAA filed a Motion to Dismiss, asserting that this issue was not proper for a declaratory judgment suit and that Hardy did not have standing to bring such an action. The trial court granted the motion to dismiss, finding that there was no justiciable controversy between Hardy and USAA because Hardy has no legal interest in the relationship between Miears and USAA.

When reviewing questions of law, the appellate courts employ a de novo standard of review. *Arkansas Dep't of Human Servs. v. Welborn*, 66 Ark. App. 122, 987 S.W.2d 768 (1999). In reviewing the trial court's decision on a motion to dismiss pursuant

---

[1] The filings and briefs indicate that appellee's last name is spelled "Miers"; however, in his brief, appellees' counsel asserts that the proper spelling is "Miears." We will refer to appellee as "Miears."

to Ark. R. Civ. P. 12(b)(6), this court treats the facts alleged in the complaint as true and views those facts in a light most favorable to the complaining party. *Martin v. Equitable Life Assurance Soc'y of the U.S.*, 344 Ark. 177, 40 S.W.3d 733 (2001).

The Declaratory Judgment Act, Ark. Code Ann. § 16-111-101 *et. seq.* (1997) is remedial, and its purpose is to afford relief from uncertainty and insecurity by declaring "rights, status, and other legal relationships whether or not further relief is or could be claimed." Ark. Code Ann. §§ 16-111-102 and 103. The act is to be liberally construed and administered. Ark Code Ann. § 16-111-102(c). In addition, when declaratory relief is sought, "all persons shall be made parties who have or claim any interest that would be affected by the declaration." Ark. Code Ann. § 16-111-106(a).

A declaratory judgment proceeding is intended to supplement rather than supersede ordinary causes of action, and is not a proper means of trying a case. *Martin, supra.* A declaratory judgment action does not substitute for an ordinary cause of action, but rather is dependent on and unavailable in the absence of a justiciable controversy. *Id.* Declaratory judgment suits are typically used to determine the obligations of the insurer under the insurance policy. *Id.*

Hardy's first point on appeal is simply that her request for declaratory relief was proper in this case. USAA argues that seeking a declaration of whether Hardy's son has an independent tort claim against Miears is not an appropriate use of declaratory judgment relief because the relationship between USAA and Miears has no bearing on the existence or nonexistence of a tort claim. We agree.

Declaratory relief may be maintained when its purpose of liquidating uncertainties and interpretations that might result in future litigation is served. *Traveler's Indem. Co. v. Olive's Sporting Goods, Inc.*, 297 Ark. 516, 764 S.W.2d 596 (1989). The requisite precedent facts that must be established before declaratory relief can be obtained include the following: (1) there must be a justiciable controversy (a controversy in which a claim or right is asserted against one who has an interest in contesting it); (2) the controversy must be between parties with adverse interests; (3) the party seeking declaratory relief must have a legally protectable interest in the controversy; and (4) the issue must be ripe for judicial determination. *Id.* (Citations omitted.) In essence, before the trial court can use its discretion in favor of a declaratory judgment, the court must conclude that the judgment will termi-

nate the uncertainty or controversy giving rise to the proceeding and that the judgment will be useful in stabilizing legal relations. *Equity Gen. Agents, Inc. v. O'Neal*, 15 Ark. App. 302, 692 S.W.2d 789 (1985). Moreover, the court may not deny a declaration merely because another remedy is available or because of the pendency of another suit in which the rights of the parties would not necessarily be determined. *Id.*

In this case, Hardy's petition for declaratory judgment presents no justiciable controversy. Declaratory judgment relief is not appropriate simply to determine whether a cause of action exists. *See, e.g., Bankers & Shippers Ins. Co. of N.Y. v. Kildow*, 9 Ark. App. 86, 654 S.W.2d 600 (1983) (stating that the Declaratory Judgment Act was not designed to force the parties to have a "dress rehearsal" of important issues to be tried in the subsequent tort suit).

It is true, as USAA states, that Arkansas does not recognize the tort claim of negligent infliction of emotional distress, *see Mechanics Lumber Co. v. Smith*, 296 Ark. 285, 752 S.W.2d 763 (1988); however, Hardy framed her complaint in terms of a claim for either the tort of outrage or intentional infliction of emotional distress. Still, whether a cause of action exists is an important issue that can only be resolved if Hardy actually files suit. Either Hardy's son has a recognized cause of action or he does not, and the resolution of this matter does not depend upon whether Miears's insurance policy with USAA will cover any subsequent judgments in Hardy's son's favor.

Hardy's son has only a potential claim against Miears; he does not have a judgment that might be subject to collection from the insurance proceeds. We find that dismissal of Hardy's declaratory action is proper because there is no justiciable issue. As such, we decline to address Hardy's second contention that she had standing.

Affirmed.

HART and VAUGHT, JJ., agree.